PERKINS v. WISNER.

1. CODE CONSTRUED: EXEMPTION. The words "habitually earns his liv-
ing," in section 1898, Code of 1851, refer to the "horse, or team, and
wagon or other vehicle, with the proper harness" of any physician,
farmer, or other person therein named. They do not refer to the tools
of the mechanic, or the books of the physician.
2. SAME: A defendant claiming that tools are exempt from execution,
must show that he is a mechanic, and that they are the proper tools of
his trade.
3. EVIDENCE. Where, in replevin, the defendant justifies under an exe-
cution in his hands as constable, proof of the taking is unnecessary.

*Appeal from the Dallas District Court.*

TUESDAY, OCTOBER 18.

Replevin for a lot of carpenter's tools. For a statement
of the facts and assignment of errors, see the opinion of the
court.

*Casaday & Crocker*, for the appellant.

*Williamson & Nourse*, for the appellee, cited *Loyd* v.
*McClure*, 2 G. Greene 140; *Jourdan* v. *Reed*, 1 Iowa 138.

Perkins v. Wisner.

WRIGHT, C. J.—It is first objected that the petition is so fatally defective, that no judgment could be entered thereon in favor of plaintiff; that the court erred in overruling defendant's motion for judgment in his favor, because of this defect and the want of proof to the same point. The question is whether it should appear that the tools in controversy, and which were claimed to be exempt, were those with which the plaintiff, as a mechanic, "*habitually earns his living.*"

We do not understand this to be necessary. The words "habitually earns his living," as found in section 1898 of the Code, have reference to the team and wagon or vehicle, with the proper harness, thus used by the physician, farmer, teamster, or other persons therein named, and not to the tools of the mechanic, or the books and instruments of the physician. The party claiming them to be exempt, must of course show that he is a mechanic, and that these are the tools of his trade, but he is not required to show further that by the use of them he habitually earns his living. This is not a requirement of the statute to sustain the exemption. It is next objected that there was no evidence introduced by plaintiff of the *taking*, by defendant, as charged in the petition. The answer admits the taking, and justifies under an execution in the hands of defendant as a constable. Proof of the taking was therefore unnecessary.

It is finally insisted that the finding of the court was against and contrary to the evidence. The claim is that the testimony shows that plaintiff was a lawyer, and not a mechanic. This was a question of fact, submitted with all the other questions, by the parties, to the court below, without a jury. We see no reason for interfering with the finding upon the testimony. It is certainly not so clearly against the evidence as to justify a reversal of the cause and a new trial.

Judgment affirmed.