Tuttle *v.* Buck.

---

## TUTTLE *vs.* BUCK.

It lies with the party alleging that his property was exempt, under the provisions of the revised statutes, from sale on execution, to prove the facts affirmatively, which go to establish it.

Until it is made to appear what was the quantity and value of the necessary household furniture retained by a judgment debtor after a sale of his property upon execution, there is nothing from which any inference can be drawn as to whether the property levied on and sold was exempt, or not.

It is therefore erroneous for the judge, in an action brought by one who has purchased household furniture from a judgment debtor, against the sheriff for levying on and selling the same under execution against the vendor, to charge the jury that the evidence before them legally tends to prove that the property, when sold to the plaintiff, was exempt from levy and sale by the creditors of the vendor, and that they have the right from the evidence to find such to have been the fact; if in fact there was no proof tending to establish the exemption.

Whether or not the evidence on one side tends to establish a particular fact, is a question of law for the court; while its weight, and convincing force, are questions for the jury.

An exception will always lie to an erroneous charge or ruling as to the legal tendency of the evidence.

THIS action was brought by the plaintiff against the defendant, to recover possession of certain household furniture and a piano, which the defendant, as sheriff, had taken, by virtue of an execution against the plaintiff's father, from the possession of the plaintiff. The plaintiff was an unmarried woman and lived in her father's family, and claimed to have purchased the furniture from her father and to have paid for

the same by transferring to him five shares of stock in the Oswego Starch Company, which had been previously given to her by him. The cause was tried at the Cayuga circuit, in January, 1863, and a verdict rendered in favor of the plaintiff. Certain exceptions were taken on the trial to the admissibility of evidence, and to the charge of the judge, which were ordered to be first heard at the general term.

*Allen & Beardsley*, for the plaintiff.

*John T. Pingree*, for the defendant.

*By the Court*, JOHNSON, J. None of the exceptions in the case are well taken, except the one to that portion of the charge on the subject of exempt property. On this subject the judge charged "that the evidence showed, or at least authorized the jury to find, that the property was exempt from execution when Tuttle parted with it, and if they should find that such was the case they might properly take that circumstance into account in determining the question of intent." I have examined all the evidence in the case with care, and am wholly unable to find any which tends to establish the fact that the property in question was exempt from levy and sale by the creditors of Tuttle, the vendor, at the time of the alleged transfer to the plaintiff. It does appear how much the property transferred was worth, and of what articles it consisted, and that the seller was a householder having a family for which he provided, but nothing more. For aught that appears he may have retained a sufficient amount after this sale to satisfy any claim he could make for exempt property. Certainly the law will not presume, in the absence of evidence, that he did not. It lies with the party alleging that property was thus exempt, to prove the facts affirmatively, which go to establish it. (*Griffin* v. *Sutherland*, 14 *Barb*. 456. *Carnrick* v. *Myers*, *Id*. 9.) Until it is made to appear what was the quantity and value of the necessary

Tuttle *v.* Buck.

household furniture retained by the vendor after this sale, there is nothing from which any inference could be drawn as to whether the property in question was exempt. And upon this subject, as has been already remarked, nothing whatever is shown. Had Tuttle, the plaintiff's vendor, brought the action against the defendant for selling this property, on the ground that it was exempt from levy and sale, upon this evidence—striking out the evidence of the sale to the plaintiff—it is quite clear that the action could not have been maintained. There could have been nothing to submit to a jury. It is claimed on the part of the plaintiff that this part of the charge was immaterial, and could not have influenced the verdict. To what extent it actually influenced the verdict cannot be known to the court. The substance and effect of this portion of the charge was that the evidence before them legally tended to prove that the property in question, when sold to the plaintiff, was exempt from levy and sale by the creditors of the vendor, and that they had the right from this evidence to find such to have been the fact. The jury could not fail to see that the presumption of fraud in the sale, as against creditors, arising from the other evidence, would be much less violent, if indeed not wholly overcome by that fact. They may, for aught we can see, have found that such was the fact. It was therefore material, and may have had great influence on the minds of the jury. Indeed it is by no means clear that the verdict did not turn wholly on this very question. Whether or not the evidence on one side tends to establish a particular fact, is a question of law for the court, while its weight and convincing force are questions for the jury. An exception will always lie to an erroneous charge or ruling as to the legal tendency of the evidence, and in this particular instance it is well taken. A new trial must therefore be ordered; costs to abide the event.

[MONROE GENERAL TERM, December 7, 1863. *Welles, J. C. Smith* and *Johnson*, Justices.]