## ABRAHAM v. DAVENPORT.

1. **Exemptions:** OFFICE FURNITURE OF LAWYER: LANDLORD'S ATTACHMENT. The office furniture of a practicing lawyer is to be regarded as included in the terms "tools and instruments," as used in § 3072 of the Code, which exempts such tools and instruments from execution; and *held* that such furniture could not be subjected to a landlord's attachment.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 24.

ACTION to enforce a landlord's lien. A writ for a land-

lord's attachment was issued, and was levied upon the defendant's office furniture. The defendant moved to discharge the attachment, on the ground that the property attached was exempt from execution. The court overruled the motion, and from the order the defendant appeals.

*John O. Malcolm*, for appellant.

*Gleason & Haskell*, for appellee.

ADAMS, CH. J.—The defendant showed, in support of his motion, that he is the head of a family, and is an attorney at law, and engaged in the practice; that the property was in use by him as such attorney, and necessary to enable him to carry on his law business, and was purchased before the debt sued on was contracted.

Under section 3072 of the Code, the proper tools, instruments and books of a lawyer, if the head of a family, are exempt from execution. The question presented is as to whether the ordinary office furniture of a lawyer necessary to enable him to carry on his business can, within the meaning of the statute, be deemed his instruments. We observe, for instance, that one of the articles attached is the defendant's office table. Strictly speaking, perhaps a table is not an instrument. Its general use is such that the word "instrument" seems inapplicable. But it should be borne in mind that a lawyer's table is used specifically in his employment; it is one of the things which he employs as a means in the accomplishment of his work. The fact that a table, in its general use, is not an instrument, is not important. It appears quite different when it is adopted specifically as a means in an employment. It then fulfills all the essential ideas of an instrument, and that unquestionably is the important consideration. It is the policy of the law that every man who is the head of a family shall be allowed, as far as possible, to follow his chosen vocation. It is better ordinarily, we presume, even for the creditor, that the debtor should

not be deprived of the instruments of his vocation, and so turned aside to something for which he is unprepared, and which consequently would be less remunerative. It is true that not everything with which the head of a family earns his living is exempt to him. Machinery is not exempt. It is proper that the exemption should be more limited. The creditor's rights must be considered as well as the debtor's. But the value to a lawyer of the ordinary office furniture which he uses in doing his work is so much greater than it can be to his creditors, that we think it comes within the spirit of the exemption statute, and that the court erred in not sustaining the defendant's motion for a discharge of the attachment.                                    REVERSED.