Blythe v. Jett.

---

Blythe v. Jett.

1. EXEMPTION: *Of personal property.*

*Prima facie* all the personal property of a judgment debtor is subject to execution, and if he claims that part of it is exempt, his right to such exemption must be shown affirmatively.

2. SAME: *Same: Burden of proof.*

Where a sale of such property by the debtor is attacked for fraud, and the vendee claims that the property would not have been subject to execution if the sale had not been made, the burden is upon him to establish that fact. [Upon this point Erb v. Cole, 31 Ark., 554, is over-ruled.]

APPEAL from *Johnson* Circuit Court.

GEORGE S. CUNNINGHAM, Judge.

*A. S. McKennon,* for appellant.

1. Mrs. Harris, a married woman, was entitled to her chattel exemption of $500. *Sec. 2. art. 9, Const., 46 Ark., 159.*

2. It was incumbent on appellee, who attacks the sale, as made to defraud creditors, to show that if it had not been made, the goods would have been subject to seizure and sale on execution, for if not, Harris' creditors were not injured or defrauded. *Erb v. Cole & Dow, 31 Ark., 554.*

*The appellee, pro se.*

The evidence clearly shows that the personal property of Mrs. Harris was worth more than $500.

HUGHES, J. Appellant purchased of Mrs. O. J. Harris, a married woman, doing business as a merchant in Clarksville, Johnson County, Arkansas, the property in controversy in the suit. Mrs. Harris being indebted and insolvent, at the date of the sale, an execution was levied by the appellee, as Sheriff of

Johnson County, upon the property, to recover which Mrs. Blythe, the appellant, brought an action of replevin before a Justice of the Peace, and recovered judgment, from which appellee appealed to the Circuit Court, where judgment was rendered in his favor, from which appellant appealed to this court. No instructions appear in the record. Appellant's motion for a new trial in the Circuit Court was upon the grounds, that the verdict was contrary to the law ; that the verdict was contrary to the evidence too.

Appellee, in his answer to the complaint of appellant, states that the sale by Mrs. Harris to appellant, was made for the purpose of hindering and delaying the creditors of the said Mrs. O. J. Harris. Appellant contends that the property was exempt from execution for Mrs. Harris' debts before the sale, and that as the execution creditors could not have taken it while owned by her, it is exempt in the hands of her vendee; that the burden of proof was upon the execution creditors to show that the property was subject to execution before the sale.

There was evidence tending to show that the property of Mrs. Harris at the date of the sale, was near $600 in value, and upon the other side the evidence tended to show that its value was less than $500. It appeared that she owed $221.66, and that she reserved from sale $125 worth of her property; that the appellee purchased the property in controversy through J. N. Brown-acting under the employment and direction of her husband and general agent, E. D. W. Blythe, for $273.66 ; that Brown at the time of the purchase knew of Mrs. Harris' embarrassed financial condition, and that E. D. W. Blythe knew that R. C. Redding had been employed to recover the goods for Mrs. Harris' creditors from E. D. W. Blythe, who had levied an execution upon them. There was testimony upon which the jury might have found the sale by Mrs. Harris to be fraudulent. Notice to appellant's agent was notice to her. There was no evidence that Mrs. Harris was a resident of the State at the

Blythe v. Jett.

date of the sale; therefore, under the proof in the case, had she not sold the property, the claim that it was exempt from execution could not have been maintained by Mrs. Harris herself, as only a resident of the State can claim the exemption. *Guise v. State, 41 Ark., 249.*

It is settled in the decisions of this court that as to property exempt from execution there are no creditors; that as they cannot sell it under execution, they are not injured by a sale of it by the owner, and are not concerned with the motives which may prompt the sale. *Clark & Wife v. Anthony & Wife, 31 Ark., 546; Erb v. Cole & Dow, 31 Ark., 557; Stanley et al. v. Snyder, 43 Ark., 434; Bogan v. Cleveland, ante.*

When property seized under an execution is claimed as exempt, upon whom does the burden of proof rest?

In *Erb v. Cole & Dow, 31 Ark., 554*, this court decided that it is incumbent on a party who attacks a sale on the ground that it was made to hinder, delay or defraud creditors, "to show that if it had not been made the goods would have been subject to seizure and sale upon execution." But after careful examination and consideration, we cannot approve this decision, and are constrained to overrule the same as to the principle announced in the quotation made above.

Under our statute a debtor, claiming property to be exempt from execution, is required to make a schedule of all his or her property, including moneys, rights, credits and choses in action, specifying the particular property claimed as exempt under article 9 of the Constitution of 1874, and file the same with the officer issuing the execution, after having given five days' notice in writing to the opposite party. *Sec. 3006 Mansf. Dig.*

"*Prima facie* all the personal property of a judgment debtor is liable to levy and sale upon execution. If he would claim exemption for any of said property, he must bring himself and his property within the exceptions of some statute by proper proof." *Dains v. Prosser, 32 Barb., 290; 14 Johnson*

*[margin note:]* EXEMPTION: Burden of proof.

*432; 22 Vt., 431; 41 Barb., 417; 9 Iowa, 320; 36 Cal., 542; sec. 585, Smith's Homesteads and Exemptions; sec 879, Thomson on Homesteads and Exemptions; 10 Cal. 393; 4 Lansing, 264; 57 Barb., 640; 3d Sneed, 659; 5 Hump., 56; 7 J. J. Marshall, 322; 9 Hunn., 42.*

It devolved upon the appellant claiming that the property which she bought of Mrs. Harris was exempt from execution for Mrs. Harris' debts before the sale, to affirmatively show this fact. To have shown this, it would have been necessary to prove, in addition to other matters, that Mrs. Harris, at the date of the sale, was a resident of the State ; and this was not done. *Art. 9, sec. 1, Const. 1874; sec. 3006 Mansfield's Digest; Guise v. State, 41 Ark.*

The judgment of the Johnson Circuit Court is affirmed.