Lindley v. Snell.

## LINDLEY v. SNELL.

80 103
102 570
80 103
105 366

80 103
136 49
136 51

1. **Evidence**: CONVERSATION OF DEFENDANT WITH THIRD PERSON :
ADMISSIBILITY. Action to recover of defendant money paid by
plaintiff to Mrs. M. to redeem lands which had been sold to her
husband at tax sale and deeded to her—defendant having owned
an interest in the lands, and the action being based upon the
theory that the money was paid for his use and benefit. A wit-
ness on behalf of defendant was permitted to testify to a conversa-
tion between defendant and Mrs. M., in which defendant stated to
her that he had furnished to her husband the money with which
the purchase at tax sale had been made, and in which she stated
that she had not furnished the money, and that she knew nothing
about the tax titles, and did not know why they were in her name.
When this conversation was had she and plaintiff herein were
engaged in litigation involving the validity of her title. *Held*
that the testimony was competent and admissible.

2. **Appeal**: MOTIONS FOR VERDICTS : WHAT REVIEWABLE. Plaintiff's
motion for a verdict on defendant's evidence (he having the bur-
den of proof) was overruled, and defendant's motion for a verdict
"upon the records and evidence submitted" was sustained, and
judgment was entered for defendant upon the verdict so rendered.
The records showed two issues raised by the answer, and evidence
relating thereto. Plaintiff assigns as error not only the sustaining
of defendant's motion for verdict, but the overruling of his own
objection to testimony, his motion for verdict, and his motion for
new trial. *Held* that he was entitled to have the case reviewed as
to both defenses set up in the answer.

3. **Former Adjudication:** WHAT IS NOT: EVIDENCE. Plaintiff in this action seeks to recover from defendant certain money advanced by him for the redemption from tax sale of land in which defendant had an interest. In a prior action defendant had sought to enjoin plaintiff from selling the land upon execution against B., who held the legal title in trust for himself, defendant and another. In that action plaintiff set up that he had paid money to redeem the land from tax sale, and asked that it be made a special lien on the land. He did not make his claim in the form of a cross-bill, nor ask for personal judgment, and the decree was silent as to his claim. *Held* that the record and decree in that case did not make it certain that the issue in this case was determined therein, and therefore they were improperly admitted in evidence to prove a former adjudication.

4. **Tax Sale:** REDEMPTION: RECOVERY OF MONEY PAID. B. held the legal title to land in trust for himself, defendant and M. Plaintiff, in a former action, sought to subject the land to the payment of a judgment against B., and by decree in that case he was permitted to redeem the land from a tax sale to M. He made redemption accordingly, and in this action he seeks to recover of defendant the amount paid to effect the redemption. *Held* that the purchase at tax sale by M. was for the equal benefit of himself and his cotenants ; that defendant was under no legal obligation to redeem from him ; and that plaintiff, by making the redemption, did not thereby make defendant his debtor. (Compare *Goodnow v. Moulton*, 51 Iowa, 557.)

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, MAY 15, 1890.

ACTION to recover amounts paid by plaintiff to redeem from certain tax sales, alleged to have been paid for the use and benefit of defendant. The defendant answered, pleading a former adjudication, and also alleging that the purchase at said tax sales was with his money, and, therefore, denying that the money paid by plaintiff to redeem from said tax sales inured to the benefit of the defendant. The case came on for trial to a jury; and, the burden being on the defendant, he introduced in evidence the record and decree in the case of Thomas Snell *v.* B. F. Lindley, in the United States circuit court, to all of which the plaintiff objected.

Richard Snell was examined as a witness on behalf of the defendant, and testified, in substance, that he was present at a conversation between Thomas Snell and Mrs. A. C. Meservey, after September 8, 1878, and prior to December 25, 1878, in relation to tax titles held by her in some of the Snell and Butterworth lands; that defendant, Snell, stated to her that he had furnished Mr. Meservey the money to pay these taxes; that she stated that she knew nothing about the tax-titles, did not know they were in her name, and was willing to give Snell a quitclaim deed, which she did at this time; that she stated that she never furnished her husband with money to buy the tax title. Plaintiff moved to exclude this testimony, which was overruled. It was admitted that the chancery practice in the United States court is governed by the rules of the old chancery practice, without the Code modifications, also that the rules of practice in equity in the federal court be considered in evidence, whereupon the defendant rested. The transcript shows that at this juncture the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff for the amount claimed, "on the ground that plaintiff's claim was not denied, and admitted by the pleadings, and that the defendant's evidence failed to sustain the defense set up in his answer." The defendant also moved the court to instruct the jury to return a verdict for the defendant "upon the records and evidence submitted." The court announced that the objection to the record and to the testimony of Richard Snell, and the motion to exclude the same, were overruled. The court announced its conclusion that the testimony showed a former adjudication, "and so, upon that branch of the question, the motion to direct a verdict will be overruled so far as you [plaintiff] are concerned." Thereupon the plaintiff was examined on his own behalf, and testified, in substance, that he had no personal knowledge about the payment of the taxes by Mr. or Mrs. Meservey; that he never saw them, and never saw Richard Snell

until on the stand, and had no personal knowledge in relation to the facts set out in that answer. On cross-examination, he stated that it was his signature to the answer filed July 17, 1880, and that he believed it to be true at the time. The transcript of the reporter's notes shows that thereupon "motion of defendant that the court direct a verdict for the defendant is sustained," to which the plaintiff excepted. The journal entry shows that the court directed the jury to return their verdict for defendant, which was done. Nothing is shown in the journal as to the motions. The plaintiff moved for a new trial on the grounds that the court erred in said several rulings, which motion was over-ruled, and judgment entered on the verdict, to all of which plaintiff excepted, and from which judgment he appeals, assigning said rulings as errors.

The further facts upon which the decision of the questions raised upon this appeal depend may be briefly stated. The plaintiff obtained a judgment against Hiram Butterworth, and levied an execution thereon, on lands described in the pleadings. The legal title to the lands levied on had been in Butterworth. He had in fact a one-third interest. The defendant, Thomas Snell, had one-third interest, and W. N. Meservey had one-third interest. That is, Hiram Butterworth had the legal title to the whole, the equitable title to one-third, and held the legal title to two-thirds in trust,—one-third for Thomas Snell, and one-third for W. N. Meservey. Before the levy of the execution of the plaintiff on the lands, they had been sold for taxes, were bid off at tax-sale by W. N. Meservey, and at the expiration of the time for redemption were conveyed by treasurer's deed to Mrs. A. C. Meservey, wife of W. N. Meservey. After the levy of plaintiff's execution, she brought an action to enjoin the sale and quiet her title, claiming to be the absolute owner under the treasurer's deed. The defendant, Snell, was not a party to that suit. The plaintiff, Lindley, was. The final decree in that case established and determined that said "A. C. Meservey

and the defendant, Hiram Butterworth, were and are tenants in common of the foregoing described land, and have been since May, 1857, and still are ; the plaintiff, Meservey, owning an undivided one-third interest, and the defendant, Butterworth, owning an undivided two-thirds interest, in the foregoing described land." The petition of A. C. Meservey to quiet her title was dismissed. It was further decreed that A. C. Meservey have a first lien on the undivided two-thirds interest of said Butterworth in said land for the taxes paid thereon by her, amounting to $262.71, and that the intervenor, Lindley, have leave to redeem from the tax lien on the undivided two-thirds, or said Butterworth's interest, in said land, in ninety days from this date, by the payment of the tax to the clerk, and upon such payment the clerk will cancel said tax deeds of record. It was further decreed that said Lindley have a special lien under his attachment against said Butterworth's interest in said land for his judgment and costs. Lindley paid to the clerk the amount fixed by the court as necessary to redeem and to cancel the tax deeds, and was proceeding under his execution to sell the undivided two-thirds of the property as Butterworth's when defendant, Thomas Snell, filed a bill in equity, in which, as finally amended, he claimed to be the owner of the one undivided one-third in his own right, and to have a mortgage on the undivided one-third belonging to Butterworth, and to enjoin the sale of his one-third interest under the execution in favor of Lindley, as the property of Butterworth, and to have his lien declared prior and superior to any lien of Lindley on Butterworth's one-third. To this bill Lindley filed a pleading denying specifically the material allegations of the bill. He alleges the payment by him of the taxes on said real estate in the sum of five hundred dollars, and that the said sum is a lien on the whole of said real estate, and asks for a decree quieting his title in and to said real estate ; that his judgment be declared a subsisting, valid, and prior lien on said real estate, and superior to

any and all interest of plaintiff, Snell; and that he have a special lien for the taxes paid by him, and for judgment for the amount paid, with interest and cost. To this the plaintiff filed a reply denying the allegations thereof. On final submission of the cause the court entered a decree enjoining the sale of one undivided third, which it was found belonged to Snell, and ordering that the sale of the one undivided third belonging to Butterworth, under said execution, should be subject to the lien of Snell's mortgage, which was declared to be prior and paramount to the lien of Lindley's judgment; and judgment was rendered against Lindley for costs.

*John F. Lacey* and *Whiting S. Clark*, for appellant.

*Barcroft & Bowen*, for appellee.

GIVEN, J.—I. We first notice appellant's objections to testimony, and first his objections to the record and decree in the case of Snell v. Lindley.

**1. EVIDENCE: conversation of defendant with third person: admissibility.** Their admissibility depends upon whether they sustain the plea of former adjudication. This question will be considered in connection with the rulings of the court on the motion for verdict. The testimony of Richard Snell was as to conversations between defendant and Mrs. Meservey. Plaintiff is asking to recover for money paid Mrs. Meservey in redemption of the lands in question from tax sale to her. Defendant claims that the purchase at tax sale was with his money, and under such circumstances that the money paid by plaintiff was not for his use or benefit. In view of the relations of Mrs. Meservey to the transactions, as fully appears elsewhere, and that the conversation occurred while the case of Lindley v. Mrs. Meservey was pending, we think this testimony was competent and admissible.

II. Question is made as to what may be considered on this appeal; plaintiff contending that it is only as to the defenses of former adjudication, and

**2. APPEAL: motions for verdicts: what reviewable.** defendant that it is to both defenses set up in the answer. Plaintiff relies upon *Colfax Hotel Co. v. Lyon*, 69 Iowa, 686. The distinction

Lindley v. Snell.

between this case and that is obvious.   In that, but one point was decided adversely to the appellant.   In this, the appellant assigns as error not only the sustaining of defendant's motion for verdict, but the overruling of plaintiff's objection to testimony, his motion for verdict, and his motion for new trial.   If this appeal was from the ruling on defendant's motion alone, the case would be different from that cited, in that this motion is upon the single ground, "upon the records and evidence submitted," while in that the motion was upon three distinct grounds.   This motion is on a record showing the issues, and the evidence introduced thereunder.   It is sustained generally, and hence a review of the ruling involves the inquiry whether, under the pleadings and the evidence, the court erred in refusing to direct a verdict for the plaintiff, and in directing it for the defendant.

III.   We next inquire whether the record and decree in Snell v. Lindley, admitted in evidence, shows **3. Former adjudication: what is not: evidence.** a former adjudication.   The issue herein is whether the money paid by the plaintiff to redeem from the tax sales, or either of them, was for the use and benefit of the defendant, Snell; or, in other words, whether it was paid under such circumstances as that a request for its payment will be inferred.   "To ascertain whether a former judgment is a bar to future litigation, the criterion is, was the same vital matter directly in issue and determined? *  *  *  If there be any uncertainty on this head in the record, the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."   1 Herm. Estop. sec. 111.   In the former case, this defendant, Snell, asked to be protected by injunction, and quieted in his title as against Lindley's judgment against Butterworth.   Lindley answered the allegations in the petition, and alleged in his answer that he had paid five hundred dollars to protect the lands from tax titles, and asking that they be decreed a special lien on the land.

Lindley did not make his claim in the form of a cross-bill; nor did he ask personal judgment against this defendant, but only for a lien against the land. The legal title to the lands was in Butterworth, in trust for Snell, Meservey and himself, in equal interests. Hence, Lindley's demand for a lien was against Meservey and Butterworth as much as against Snell. The decree is silent as to this claim of Lindley's. It cannot be said from this record and decree that the same vital matter was directly in issue and determined in that case as is presented in this. The silence of the decree leaves it uncertain that this issue was determined, even if it was certain that it was raised in the pleadings. Our conclusion is that the record and decree do not sustain the plea of former adjudication.

IV. The general rule is that one person cannot make another his debtor by paying his debts without his request or assent. Yet a request or assent may be inferred under some circumstances, as where one person is compelled to pay money which another is under legal obligation to pay, or where one in good faith, because of a statutory obligation resting on him, or because public policy requires, pays money another is under legal obligation to pay. *Goodnow v. Moulton*, 51 Iowa, 557. The plaintiff does not ask to recover the money paid by him to redeem from tax sales because of any expressed promise, request or assent of the defendant, but upon the grounds that such request and assent will be inferred from the circumstances. The circumstance especially relied upon is that the payments were for the use and benefit of the defendant. We think it is not shown that the defendant was indebted to any one on account of the tax sale in the name of Mrs. Meservey. The legal title of the land sold was in Butterworth, in trust for Snell, Meservey and himself, in equal interests. The obligation to pay taxes rested alike on each, and neither could acquire a tax title as against the others, but either paying taxes was entitled to contribution

*4. Tax sale: redemption: recovery of money paid.*

Lindley v. Snell.

from the others. Meservey bid in the land at tax sale, and took a deed in his wife's name; she not knowing of it, nor contributing to the purchase. She took no title to herself by the deed. If it vested her with any title it was in trust for the owners, and subject to be canceled at any time. It was as if Meservey had taken the tax deed himself. Clearly, neither owner was bound to redeem from his cotenant, nor from one holding a tax title in trust for the owners. Their liability to each other could only be determined by an accounting. It is contended that Snell furnished Meservey money to pay the taxes. As Meservey was under equal obligation with Snell to pay the taxes, we think it is immaterial whether Snell furnished money or not, except as that would affect an accounting between them. If Meservey paid taxes, or made the purchase, with his own money, that would not create an indebtedness from Snell, unless on an accounting the balance was in Meservey's favor. There never was an accounting, and no evidence whatever that Snell was indebted in any sum to either Mr. or Mrs. Meservey. It does not appear that either had any claim that could have been enforced against Snell.

The plaintiff paid $48.15 to redeem from tax sale to Richard Snell, a stranger to the title. The privilege of redeeming was alike to each owner, but neither was bound to redeem. They might waive their right to redeem. They were not under any legal or statutory obligation, nor did public policy require that they should redeem from that tax sale. Richard Snell had no money demand that he could enforce against the defendant on account of the tax sale. Hence there was no indebtedness. The plaintiff was not compelled to pay either of the sums paid by him. The decree in Lindley v. Butterworth was permissive, not compulsory.

Entertaining the views expressed, we think the judgment of the district court should be

AFFIRMED.