DES MOINES SAVINGS, BANK, Appellee, v. COLFAX HOTEL COMPANY, Appellee; EZEKIEL CLARK, Garnishee, Appellant.

1. **Garnishment:** ASSIGNMENT: DEFENSE OF GARNISHEE. A garnishee can not plead a previous assignment of the debt owing by him, as against an attachment of the same in his hands, where both the assignor and assignee of such indebtedness have appeared in the garnishment proceeding and consented to judgment in favor of the attaching creditor against the garnishee.

2. ———: LIABILITY OF GARNISHEE. A subscriber to the capital stock of a corporation is liable to garnishment for an amount due on such subscription. Such a transaction, though it involve the question whether the garnishee is in fact a subscriber to such stock, is not a matter within the jurisdiction of a court of equity, and for that reason not subject to attachment by garnishment.

3. **Account:** EVIDENCE: ADMISSIONS. A statement of account made by one employed to investigate the account between the garnishee and the corporation to whose stock he had subscribed, and which was reported to a meeting of the directors of said company, at which the garnishee presided as president of the board, and whose correctness was not denied by the garnishee, *held,* to be competent evidence against the garnishee.

4. ——: ——. The secretary of the company having assisted in the preparation of said statement, and having a personal knowledge of the affairs of the company, *held,* that his testimony that the garnishee had paid nothing but what was credited in said statement was competent.

5. **Contracts:** PAROL SUBSCRIPTION TO STOCK: VALIDITY. A parol subscription to stock in a corporation is valid in the absence of any statute or provision in the articles of incorporation requiring such agreement to be in writing.

6. **Practice:** INTRODUCTION OF EVIDENCE AFTER FINAL SUBMISSION. The reception of further evidence in a cause after the evidence has been declared closed is a matter within the discretion of the trial court, and the action of the court will not be reversed upon appeal, where no abuse of discretion is shown.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, MAY 12, 1893.

THE issue tried in this case in the court below was whether the garnishee, Clark, was indebted to the defendant, the Colfax Hotel Company. There was a trial by jury, and a verdict that Clark was so indebted in the sum of one thousand, three hundred and sixty-five dollars and five cents, and interest. From a judgment on the verdict, Clark, the garnishee, appeals.—*Affirmed.*

*C. C.* and *C. L. Nourse,* for appellant.

*Cummins & Wright,* for appellee.

ROTHROCK, J.—I. The case has once before been in this court upon an appeal by the plaintiff. See 79

**1. GARNISHMENT:** Iowa, 497. On the first trial it was held
**a· signment:** by the district court that no action could
**defense of**
**garnishee.** be maintained by the appellee, because the
judgment upon which the garnishment process .was
based was satisfied. It was held by this court that the
judgment was not satisfied, and that "the plaintiff was
entitled to a finding as to the indebtedness of the gar-
nishee,    *    *   *" and the cause was remanded to the
district court for such a finding. It is unnecessary to
set out the facts upon which that ruling was based.
They will be found in the opinion on the former appeal,
and the only question left for determination was the
amount of the garnishee's indebtedness, if any.

The garnishee was served with process in August,
1887. Before that date, and in 1885, the Colfax Hotel
Company executed a deed of trust to Thomas S.
Wright upon all its hotel property and all sums of
money owing to the hotel company. It is claimed by
the appellant that this deed of trust operated as an
assignment of any debt due by him to the company,
and that there was, therefore, no ground for the gar-
nishment. A point is made whether the trust deed was
valid as against an attaching creditor. In view of the
undisputed facts of the case, it is not necessary to
determine that question. It appears that before the
appellant made this question in the district court, the
trustee in the trust deed, the hotel company, and the
beneficiaries under the trust deed, filed pleadings in
which they all united in the demand that judgment
should be rendered for the plaintiff for whatever
amount should be found due to the hotel company from
the garnishee. Under this waiver of any right which
the trustee may have had to collect the debt, the debtor
is in no position to urge that he is bound to pay his
debt to the trustee, or to any one other than the plain-
tiff in this action.

II. It is next urged that the garnishee should have been discharged, because the investigation in-

2. ——: liability of garnishee. volved an adjustment of a matter of account between the Colfax Hotel Company and the garnishee, which could not be adjudicated in an action at law, and, being of equitable jurisdiction, the garnishee can not be required to try the issue in a garnishment proceeding. It is not to be denied that there are cases where an accounting between parties may be a subject of equitable jurisdiction. The facts in this case, however, show plainly that the matters in controversy were not such as required their determination by a court of equity. We need not set out the facts. It is enough to say that, if an action had been brought against the garnishee by the hotel company, it could not have been maintained as a suit in equity. It was a plain matter of account, in no way involved, and it would have been the right of the plaintiff to have demanded a trial by jury. There was really but one controlling question in the case, and that was whether the garnishee was a subscriber to the capital stock of the hotel company in the sum of three thousand dollars. There were no such complicated transactions as were held to be proper subjects of equitable jurisdiction in the cases of *Blair Town Lot and Land Co. v. Walker*, 50 Iowa, 376; *Burt v. Harrah*, 65 Iowa, 644.

III. It appears that one Norfolk was at one time employed to make an investigation of the account

3. Account: evidence: admissions. between the garnishee and the Colfax Hotel Company. He made up this account with the assistance of one Staynor, who was secretary of the hotel company. Norfolk made his report to a meeting of the directors of the company, at which the garnishee was present, and presided at the meeting as president of the board. The report of Norfolk was read at the meeting, and it showed

that Clark, the garnishee, was indebted to the company in the sum of about two thousand, six hundred dollars. Complaint is made because the court allowed this report to be introduced in evidence. The evidence shows quite conclusively that the garnishee heard the report read and that he did not deny that he was indebted to the company. The statement of account, and Clark's reply thereto, was competent evidence, the same as if the account had been in the form of a conversation with Clark.

IV. Staynor, the secretary of the hotel company, was examined as a witness, and was asked this question: "As far as you know or have been able to ascertain, had Mr. Clark paid any sums of money on account of the Colfax Hotel Company, other than those that are credited to him in this account?" The question was objected to, the objection was overruled, and the garnishee excepted, and the witness answered: "He has paid none that I have been able to ascertain, aside from those." In view of the relation of the witness to the affairs of the company, we do not think that this evidence was erroneously admitted. The business of the company was presumably kept in proper books, and it was competent for the secretary of the company to state whether he paid any sums of money on account of the company other than those stated in the account.

*4. —: —.*

V. There can be no doubt that the jury was fully warranted in finding from the evidence that Clark subscribed for three thousand dollars of the capital stock of the company. The stock was not subscribed in a stock book, and the names of the stockholders were not signed to any written agreement to take stock. The manner in which the contract to take stock was entered into is fully set forth in the case of *Colfax Hotel Co. v. Lyon*, 69

*5. CONTRACTS: parol subscription to stock: validity.*

Iowa, 683, in which it was held that a parol agreement to take stock in this same corporation was valid. If the garnishee is liable as a stockholder, it is under the same facts as under the cited case, and there was no error in any part of the charge to the jury in relation to the garnishee's liability. Indeed, the instructions to the jury appear to us to be very fair to the appellant.

VI. Further complaint is made because the appellant was not allowed to offer additional evidence some three days after the evidence in the case was closed. This was a matter within the discretion of the court, and the record does not disclose any abuse of discretion. The case demands no further consideration. The judgment of the district court is AFFIRMED.

6. PRACTICE: introduction of evidence after final submission.