THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES v. LOWRY W. GOODE, Appellant.

**Exemptions: LAWYER'S LIBRARY.** A lawyer who is the head of a
family, is entitled to hold his books and office furniture exempt
from execution, under Code, section 3072, exempting the "proper
tools, instruments, or books, of a debtor, if a   *   *   *   lawyer,"
where he earns a part of his living by legal work for others in
his office (real estate) though he combined it with other business,
and does not advertise as a lawyer nor appear in court in the trial
of cases.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

THURSDAY, FEBRUARY 4, 1897.

ACTION at law, aided by a landlord's attachment,
to recover rent due for leased premises. The writ of
attachment was levied upon property of the defend-
ant claimed by him to be exempt from execution.
There was a trial by the court without a jury, and a
judgment in favor of the plaintiff for the sum of one
hundred and forty-seven dollars, and for the sale of
the attached property. From so much of the judg-
ment as sustained the attachment and ordered the sale
of the attached property, the defendant appeals.—
*Reversed.*

*Bishop & Wilcoxen* and *L. W. Goode* for appellant.

*Berryhill & Henry* for appellee.

ROBINSON, J.—The attached property consists of
fifty-six volumes of Iowa Reports, and six other law
books, and office furniture, and office supplies. The
defendant claims that the property was exempt from
seizure to satisfy the claims of the plaintiff, because

at the time it was taken he was a resident of this
state, the head of a family, and an attorney at law.
It seems to be conceded in argument that if the
defendant was a lawyer, within the meaning of the
exemption law, at the time of the attachment, then
the property in question was exempt from attach-
ment; and the question we are required to determine
is whether the evidence was sufficient to authorize the
finding that the defendant was at that time a lawyer,
within the meaning of the statute.   It is conceded that
he was admitted to practice as an attorney and coun-
selor in the courts of this state in the year 1878.   He
testified in his own behalf that he resides in Des Moines;
that in December, 1892, when he became a party to the
lease on which this action was brought, and when the
attachment was levied, he was an attorney at law,
and in the real estate business, and supported him-
self by his personal earnings; that from the time of
his admission to the bar until 1881 he confined him-
self exclusively to the practice of the law; and that
since that time he has had other business interests
which took a great portion of his time.   On cross-exam-
ination, he stated that he does not advertise himself as
an attorney at law, and did not do so publicly during
the term of his lease; that he had not tried any cases in
court during the term of the lease; that he did not
have any sign about the building, excepting his law
books to indicate that he was making his living by prac-
ticing as an attorney; that he drew many agreements
and other legal papers; that all the legal business of
the corporations with which he was connected, was
referred to him, and that he was their  counselor, and
attended to their miscellaneous law business outside
of the courts; that he used his legal knowledge in his
own business, and in the business and interests of the
corporations in which he was interested; and that it
was common for parties to have him draw papers for

them. This is all the evidence there was which tended to show that defendant was a lawyer. To show that he was not a lawyer at the time in question, an attorney who had practiced his profession in Des Moines for thirty years, testified that since January, 1892, he had not known the defendant as a practicing lawyer; that he did not know of his having engaged in the practice of law in the courts since that time, but did not know what he did in his office; that he had understood that his business was largely, if not exclusively, real estate. The lease in question was entered into with the defendant and two others, and provided that the leased premises should be used "as a real estate office, and for no other purpose."

Section 3072 of the Code, permits a debtor who is a resident of this state, and the head of a family, to hold exempt from execution, certain personal property, and, in addition, "the proper tools, instruments, or books of a debtor, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, or professor." The corresponding provision in the Code of 1851, was contained in section 1898, and read as follows: "The proper tools, instruments, or books of any farmer, mechanic, surveyor, physician, teacher, or professor." That provision was considered in *Perkins v. Wisner*, 9 Iowa, 320, and held not to require a mechanic, habitually, to earn his living by the use of his tools, in order to hold them as exempt. The provision, as it now exists, applies to lawyers; and, following the rule of the case cited, it must be held that a lawyer may hold his law library exempt from execution, even though he do not habitually earn his living by its use; and that is true of his ordinary office furniture. *Abraham v. Davenport*, 73 Iowa, 111 (34 N. W. Rep. 767). Section 3072 of the Code, also provides that there shall be exempt "the horse, or team, consisting of not more than two horses, * * * and the wagon or other

vehicle, with the proper harness or tackle, by the use of which the debtor, if a  *  *  *  teamster or other laborer, habitually earns his living." It was held in *Tank-Line Co. v. Hunt*, 83 Iowa, 6 (48 N. W. Rep. 1057), that a person might hold as exempt, under that section, a team, harness, and wagon, which were necessary for use in an occupation which supplied his living, even though the living was not wholly earned by the use of the team, and though the team was driven the larger part of the time by the son of the debtor. Exemption laws are to be liberally construed to carry into effect the purposes for which they were enacted, and among those is the protection in the hands of the debtor of the means for earning a livelihood. The undisputed evidence is that the defendant was occupied at least one-fourth of his time in doing the proper work of a lawyer, and that what he thus did contributed to his support. We have seen that it was not necessary for him to earn his living by the services he performed as a lawyer, to hold the property in question as exempt. Nor was it necessary for him to advertise as a lawyer, nor to appear in any court. A large share of the business of a lawyer is done in his office, and many able and successful lawyers, who devote their entire time to the practice of the law, are rarely, if ever, seen in a court room, engaged in the trial of a contested case. The only conclusions which can properly be drawn from the evidence, is that the defendant was a lawyer, within the meaning of the statute, when the lease in question was made, and while it was in force, and that the property in controversy is exempt from attachment and execution. It is proper to say, in this connection, that no claim is made that the defendant holds, as exempt, property which a lawyer may not hold. Whether a debtor who, at the same time, pursues, to some extent, different vocations, as, for example, those of a farmer, mechanic, and lawyer, may hold as exempt

the tools, instruments, and books proper for each, is a question not involved in the case, and not decided. For the reason that the evidence does not support the judgment of the district court, it is REVERSED.