T. S. CATHCART, Appellant, v. ROGERS & BROWN, et al.

**Depositions:** OBJECTIONS NOT MADE IN WRITING: Where no written exceptions had been filed to a deposition, as provided by Code, section 4712, providing that no exceptions to depositions other than for incompetency or irrelevancy shall be regarded, unless made by motion before the case is reached for trial, an objection, made when the deposition was offered in evidence, that interrogatories therein were not proper cross-examination, incompetent, irrelevant and immaterial, and that the witness had not qualified himself to give the opinion asked, should have been overruled, the evidence being competent.

OPINION EVIDENCE ON VALUE: *Competency of witness.* A farmer, who was the owner of cattle previous to their sale to the defendant, in an action involving the right of property therein, was a competent witness as to their value.

**Reopening Case:** NOT RECEIVING OMITTED TESTIMONY: *When abuse of discretion.* In an action by a landlord against a purchaser of cattle from the tenant to recover the value of such cattle because subject to plaintiff's lien for rent, the defendant moved for a verdict. Plaintiff's counsel stated that he had no further evidence to offer and the court stated that no further evidence would be received if not offered at that time. The court then expressed doubt as to whether a conversation had been proved. Thereupon counsel for plaintiff asked leave to call witnesses, then present, to show that defendant had actual possession of

the cattle.  *Held,* that it was an abuse of discretion to refuse to permit plaintiff to offer the evidence.

*Appeal from Buena Vista District Court.*—HON. F. H. HELSELL, Judge.

TUESDAY, OCTOBER 22, 1901.

ACTION to recover the value of certain cattle upon which plaintiff had a landlord's lien, and which were purchased by defendant of the tenant.  When plaintff had rested his case, on motion of defendants the court instructed the jury in their favor.  Such a verdict was returned, and from the judgment thereon plaintiff appeals.—*Reversed.*

*F. F. Faville* and *W. G. Harvison* for appellant.

*I. W. Bane* for appellees.

WATERMAN, J.—Plaintiff leased certain land to one Hoffman.  Among other property of the tenant kept on said land, and which was subject to the lien for rent, were the cattle in question, which it is claimed were sold and delivered to defendants while plaintiff's lien was in force.  The rent not having been paid, this action was brought to recover the value of the property so claimed to have been converted.  On the filing, by defendants, of the motion for a verdict, the court asked plaintiff's counsel if he desired to offer any further evidence.  The response was in the negative.  The court then stated that no further evidence would be received if not offered at this time.  Proceeding then to pass upon the motion, the court expressed doubts at to whether a conversion had been proved.  Thereupon counsel for plaintiff asked leave to call witnesses, who were present, to show that defendants had actual possession of the cattle.  This was refused, and the ruling is assigned as error.  Much is left to the discretion of the trial court in matters of this kind.  We interfere only when it appears

such discretion is abused. *Des Moines Sav. Bank v. Colfax Hotel Co.,* 88 Iowa, 4; *Osgood v. Bauder,* 82 Iowa, 171. On the trial court's interpretation of the testimony there was no apparent reason for refusing plaintiff's request in this instance. In our opinion, it should have been granted, for the court construed the testimony as wanting in this respect, although, as a matter of fact, the evidence then in, as we view it, tended to prove the purchase and receipt by defendants from plaintiff's tenant of cattle which had been kept on the leased premises during the term of the tenancy, and which exceeded in value the amount of the rent due.

II. The deposition of Hoffman, the tenant, which was taken on behalf of defendants, was read in evidence by plaintiff. On cross-examination he was asked and gave the value of the cattle sold to defendants. When this interrogatory came to be read by plaintiff, it was objected to by counsel for defendants as not proper cross-examination, incompetent, irrelevant, and immaterial, and because the witness had not qualified himself to give an opinion as to the value of the animals. No written exception was taken to this deposition as provided in section 4712, Code. The only objection, therefore, permissible at the reading was for incompetency, irrelevancy, or immaterialty.

Clearly, this testimony did not fall under the ban in either of these respects. Furthermore, the witness was a farmer, and had owned these cattle. He was therefore competent to testify as to their value. Rodgers, Expert Testimony 209; *Jeffries v. Snyder,* 110 Iowa, 359.

For the reasons given we think the trial court erred, and its judgment must be REVERSED.