Dunlap *v.* Glidden.

---

## DUNLAP *versus* GLIDDEN.

It is not a rule of law, that all the points, which may be raised by the plead-
ings in a case, are necessarily involved in the decision.

In trespass *quare clausum,* an absolute title in the plaintiff is not essential.
Such title is therefore not admitted by a default of the defendant.

A judgment upon such default is no estoppel to the defendant, in a subsequent
suit, to assert title in himself or in another.

If the ground of a judgment be not shown by the record, it may be proved by
parole.

ON REPORT from *Nisi Prius,* WELLS, J. presiding.
TRESPASS, *quare clausum.*

This plaintiff had, on a former occasion, brought *quare
clausum,* for trespass upon the same land against this defend-
ant, who thereupon pleaded the general issue, with a brief
statement, that the title to the land was in one Brann, and
also in one Harriman, and that by the authority of them re-
spectively, the defendant did the acts complained of. He,
however, failed to prove any such authority.

In that suit, the *plaintiff* claimed title to the land by the
levy of it made in 1836, upon an execution in his favor
against one Bruce.

The *defendant,* as a second defence, relied upon a convey-
ance from Bruce to Brann, made before the levy, and a subse-

quent conveyance from Brann to himself. These conveyances he failed to establish, and judgment was rendered for the defendant. 31 Maine, 510.

In this case, the defendant offered to prove that, before the plaintiff's levy or attachment of the land, it was in fact conveyed by a sufficient deed from Bruce to Brann, of which the plaintiff, at the time, had actual and express notice ; also, that the deed has been lost without having been recorded ; and also to prove its contents.

The trespass complained of in this suit covers the time from *March* 7, 1847, to Oct. 1849. The defendant also offered to prove, that the land was conveyed to him by Brann on *April* 26, 1847, also that it was released to him by Bruce on *June* 3, 1847.

This evidence was objected to by the plaintiff on the ground, that the same question of title had been settled between the same parties in the former suit.

The Judge was of opinion, that notwitstanding such evidence, if admitted, the jury would be bound to render a verdict for the plaintiff, because of the proceedings in the prior suit. The case was then taken from the jury, and submitted to the full Court.

*Lancaster & Baker*, for the plaintiff.

The title derived from Bruce to Brann and from Brann to the defendant, is the question now put in issue. This is precisely the same issue, which was settled in favor of the plaintiff in the former suit. The judgment in that case is therefore conclusive against the admissibility of the testimony offered by the defendant. *Dunlap* v. *Glidden*, 31 Maine, 435, and 510.

But if that judgment was not conclusive, the facts offered to be proved, establish no title in the defendant. By the levy against Bruce in 1836, the plaintiff took a seizin in the land. He then entered into possession claiming an indefeasible title. That possession he retained till the trespasses sued for in the former action were committed. The facts offered to be proved are, that, pending that suit the defendant

bought up an outstanding title; — one, however, which had lain dormant nearly twenty years. That title never had a valid existence; was merely a pretended one, and cannot affect the plaintiff's rights.

*F. Allen,* for the defendant.

HOWARD, J. — In a former suit of trespass, upon the close described in the declaration in this case, between the present parties, the defendant pleaded the general issue, and filed a brief statement of title in Brann and Harriman and justified under them. By the report in that case, which, with the judgment, is referred to, and made a part of this, it appears that the defendant offered to read in evidence a paper as an original deed, and that its execution was denied, and was not proved; and that he offered to prove the contents of a deed alleged to be lost, of the execution of which there was no proof. This evidence was rejected at the trial, and thereupon the defendant submitted to a default, which was to stand, if, in the opinion of the Court, the plaintiff was entitled to recover upon the evidence legally admissible, and if the evidence offered by the defendant was properly rejected. Judgment was subsequently rendered upon the default, by the full Court. *Dunlap* v. *Glidden, jr.* 31 Maine, 510.

The defendant, in this suit, claims to have acquired the title of Brann, and places his defence upon it, by pleading the general issue, and title in himself. The question now presented is, whether he is estopped to set up that title, by the adjudication in the prior suit. We think he is not.

The judgment, in order to be conclusive, must have been upon the same subject matter. Every point which might have been raised by the pleadings, is not necessarily involved in the decision. When the record of a judgment does not exhibit the grounds upon which it proceeded, it may be shown by parol proof, that matters which might have been admissible under the pleadings, were presented and considered in the adjudication, or that they were withheld. *Seddon* v. *Tutop,* 1 Esp. R. 401; *Ravee* v. *Farmer,* 4 T. R. 146; *Phillips* v. *Berick,* 16 Johns. 136; *Wood* v. *Jackson,* 8

Wend. 9; *Bridge* v. *Gray*, 14 Pick. 55; 1 Greenl. Ev. § 528, 532.

It cannot be determined by the record of the judgment, that the title of Brann was passed upon, and considered, in confirming the default in the prior suit.  Or, at most, it would not afford conclusive evidence of a prior adjudication of the title, and proof *aliunde* is admissible to show that it was not, in fact, considered in the former action.  And it appears, that that case turned upon other considerations than the title of Brann.  The defendant failed to show any evidence of license or authority under the alleged owners, and their title was of no importance to him.  He had no connection with it, and it could not have afforded him any protection, whatever may have been its character.  It was not material to the result, was not presented for consideration, by the defendant, and could not have been determined by the Court.

An absolute title to the *locus in quo* is not essential, in the action of trespass *quare clausum*, and the defendant cannot be considered as admitting it to be in the plaintiff, by consenting to a default; nor is he thereby estopped, subsequently to assert that the title was then in himself, or in another, whatever may have been the form of pleading.  By submitting to a default, unless under special stipulations, he, in effect, withdraws the issue from the Court and jury, and yields to the claim of the plaintiff, without surrendering other rights *in præsenti*, or *in futuro*.

*The case must stand for trial.*

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.