## GUNSAULIS v. CADWALLADER.

1. **Practice:** COUNTER-CLAIM: FORMER ADJUDICATION. Where a counter-claim is embraced in the issue at the time of final submission and judgment, the plaintiff is entitled to immunity from any further action thereon.

*Appeal from Mahaska Circuit Court.*

TUESDAY, APRIL 2.

WILLIAM CADWALLADER filed a petition in the Mahaska District Court, claiming of James Gunsaulis and John Gunsaulis the sum of $264.50.

On the 15th day of April, 1876, the defendants in that action caused to be served upon Cadwallader a written notice, as follows: "You are hereby notified that defendants in the above entitled cause, by way of compromise, offer to confess judgment in favor of the plaintiff in the sum of twenty-six dollars, and all costs accrued up to this date. This offer is by way of compromise, and, if not accepted within five days, shall bear the same effect and force as provided by law. This offer is made under chapter 11, title 17, of the Code of Iowa of 1873."

After the service of this offer, and before the acceptance of it, the defendants answered, denying all the allegations of the

Gunsaulis v. Cadwallader.

petition, and alleging that Cadwallader was indebted to them in the sum of $45, for the use of two granaries rented to Cadwallader by James Gunsaulis.

On the 20th day of April, 1876, the following judgment was entered: "In this cause plaintiff accepts defendants' offer for judgment, and, therefore, it is ordered and adjudged by the court that the plaintiff have and recover of the defendants the sum of twenty-six dollars and costs of suit, taxed at $————."

On the 22d day of April, 1876, the following record was made: "In this cause the defendant dismisses his counter claim, and the plaintiff at the time excepted."

On the 23d of June, 1876, the plaintiff in this action commenced an action against the defendant herein, before a justice of the peace, on the following account:

To rent of granaries from September, 1874, to
    March 1, 1876, at $2 per month  -  -  $36.00
To pasturing cow from January 1, 1875, to April
    13, 1875, at 75 cents  -  -  -  -  1.87
To pasturing calf from January 1, to February 1,
    1875  -  -  -  -  -  -  -  50
To sundries, hauling -  -  -  -  -  2.00

                    $40.37

The defendant answered, in the first count denying all the allegations of petition and claim. In the second count, pleading a former adjudication of all the matters set up in plaintiff's petition, by a judgment of the District Court of Mahaska county, at the April Term, 1876, in a suit wherein William Cadwallader was plaintiff, and James Gunsaulis and John Gunsaulis were defendants. In the third count, alleging that all the matters sued on in this case were settled, by an entry of settlement in said District Court, in an action between the parties above named. The justice rendered judgment for plaintiff for thirty dollars for the use of the granaries, and

allowed nothing for the other items of the account. From this judgment the defendant appealed.

In the Circuit Court it was conceded by counsel for the defendant that plaintiff was entitled to recover twenty dollars on his account, if defendant should fail in his defenses set up in the second and third counts of his answer; and that a written offer to that effect had been made by defendant to plaintiff, and duly accepted by plaintiff, said offer and acceptance being made under section 2901, Code of 1873. The Circuit Court rendered judgment for plaintiff for $20. The defendant appeals. The judge gave the proper certificate for the prosecution of the appeal.

*Williams & McMillen*, for appellant.

*John F. Lacey* and *O. G. C. Phillips*, for appellee.

DAY, J.—It was proved, upon the trial, that the claim for rent of granaries, sued upon before the justice, is the same as that set up in the answer in the action above referred to in the Mahaska District Court. In the trial in the Circuit Court no evidence of plaintiff's claim was introduced, except the concession of defendant's counsel, that plaintiff was entitled to recover twenty dollars on his account, if defendant should fail in the defenses set up in the second and third counts of his answer. In finding for the plaintiff the sum of twenty dollars, the court must have found that these defenses were unavailing. In this holding we think the Circuit Court erred. We need not determine whether the offer to confess judgment in this case, continuing to be extended after the counter-claim was filed, was an offer to confess judgment for twenty-six dollars, after satisfying the defendant's counter-claim. If it was such an offer, then it follows, as a matter of course, that the acceptance of the offer, and judgment thereon, is a satisfaction of the counter-claim, and a bar to any further action thereon. If it was not such an offer, but simply embraced

1 PRACTICE: counter-claim.

the claims set up by plaintiff's petition, then it was the right and the duty of the defendant either to withdraw the counter-claim before final submission, or to introduce evidence in support of it, if he had any to offer. Section 2847 of the Code, (3130 of the Revision) provides: "The defendant may, also, at any time before the final submission of the cause to the jury, or to the court, when the trial is by the court, dismiss his counter-claim without prejudice." Section 3127 of the Revision, (2844 of the Code,) respecting the dismissal of the plaintiff's action, was construed in *Hays v. Turner*, 23 Iowa, 214, and it was there held that the plaintiff cannot take a non-suit after the case has been finally submitted to the court. The reasoning of that case applies to the dismissal of a counter-claim. No effort was made to withdraw the counter-claim, nor was there any intimation that it was not to be concluded by the judgment, until two days after the judgment was rendered.

The case of *Schmidt v. Zahensdorf*, 30 Iowa, 498, seems to be conclusive of this question. We quote from that case as follows: "The plaintiff, in his petition, averred the facts constituting his right to, and made a claim against defendants for, use and occupation of the land in controversy, to the extent of $300. This claim was denied by the defendants. With the issue thus made, the case was submitted to the court. The judgment entry recites that, there being no evidence offered by either party as to the value of the rents and profits, the same is not considered, and no judgment hereby rendered touching the same. The action for the rents and profits was not dismissed, nor the claim therefor withdrawn. The defendants having been thus once compelled to litigate the question and prepare for this defense, they have a right to judicial immunity from being again required to answer the same claim. The judgment will be so modified as to make the same final against plaintiff's claim for rents and profits." In the case at bar, also, the counter-claim was embraced in the issue, at the time of the final submission and judgment, and

the defendant is entitled to immunity from any further action thereon. The withdrawal of the claim, after judgment, cannot affect the status created by the judgment.

The judgment of the Circuit Court is

REVERSED.