Dureee, C. J.
 

 This is
 
 assumpsit
 
 for damages for breach of contract. The defendant pleads in bar a former judgment recovered in the Supreme Court of the State of New York, in an action in which the parties were reversed, and in which the plaintiff set up the demand now in suit by way of set-off or counter claim. The plaintiff replies that the cause of action is not the same as that which was then determined. On trial it appeared, by the record of the former judgment, that the case in New York had been referred to and tried by a referee, and that the judgment, following his report, was for the full amount of the then plaintiff’s claim. The record, however, did not show any withdrawal of the counter claim, nor did the referee’s report contain any statement from which it could be inferred that the counter claim was not submitted to him for adjudication. The plaintiff offered to prove by deposition that in point of fact the counter claim was not submitted, but was withdrawn, and that the referee decked without reference to it. The defendant objected to the testimony. The court ruled it out, being of opinion that it was to be conclusively presumed that all
 
 *445
 
 matters at issue on tbe record were adjudicated. Tbe plaintiff petitions for a new trial for error in tbe ruling.
 

 JEdwin Metcalf, William B. Beach f Henry W Allen,
 
 for plaintiff.
 

 Dexter B. Potter,
 
 for defendant.
 

 It is perfectly well settled that when tbe pleadings are so general that it is uncertain wbat were tbe. particular causes of action, tben resort may be bad to extrinsic evidence to show wbat tbey were, in order to show wbat was adjudicated. Many of tbe cases cited for tbe plaintiff are of that kind. Tbe case at bar belongs to a somewhat different class. Here tbe demand in suit was specially put in issue in tbe former action, and tbe question is, whether, having been so put in issue, extrinsic evidence is admissible to show that in point of fact it was not litigated and consequently not adjudicated. On tbe jury trial such evidence was offered and ruled out.
 

 We are satisfied that tbe ruling was erroneous. Tbe decisions are very uniformly to tbe effect that when tbe cause of action on which tbe former judgment was recovered is entire and indivisible, tben tbe estoppel extends to tbe whole, and it cannot be shown that any part was withheld from adjudication ; but when there is a plea of former recovery, and it appears that tbe .demand to which it is pleaded is one of several distinct demands which were at issue in tbe former action, tben it is held that extrinsic evidence .is admissible to show that tbe particular demand in suit, though it may have been specifically set out on tbe record, was not in fact submitted for decision, and so is not included in tbe former recovery, which, it is said, is only
 
 primd fade,
 
 not conclusive, evidence that it was included. And it is held that tbe extrinsic evidence does not contradict tbe record; it merely explains it. 2 Smith Lead. Cas. *669;
 
 Seddon
 
 v.
 
 Tutop,
 
 6 Term Rep. 607 ;
 
 Preston
 
 v. Peeke, El., B. & E. 336 ;
 
 Post
 
 v. Smilie, 48 Vt. 185 ;
 
 Wright
 
 v.
 
 Salisbury,
 
 46 Mo. 26 ;
 
 Burwell
 
 v. Knight, 51 Barb. S. C. 267 ;
 
 Phillips
 
 v.
 
 Berick,
 
 16 Johns. Rep. 136 ;
 
 Colwell
 
 v.
 
 Bleakley,
 
 1 Ab. Ct. App. Dec. 400 ;
 
 Sawyer
 
 v. Woodbury, 7 Gray, 499 ;
 
 Dunlap
 
 v.
 
 Glidden,
 
 34 Me. 517 ;
 
 Baker
 
 v. Stinchfield, 57 Me. 368 ;
 
 Supples
 
 v.
 
 Cannon,
 
 44 Conn. 424.
 

 Petition granted.