SWEET, EX'R, v. BROWN ET AL.

1. **Depositions**: FILED TOO LATE UNDER RULE OF COURT: SUPPRESSION OF. Where the defendant's only evidence was contained in certain depositions, which, however, were filed six months subsequent to the time fixed by a rule of the court in the case, and the depositions made out a *prima facie* defense, while some penalty should have been inflicted for disobedience to the rule, *held* that, in the absence of a showing of bad faith, the court was not justified in suppressing the depositions on motion, and then denying defendant a continuance and proceeding to the trial of the cause.

2. **Practice in Supreme Court**: TRIAL DE NOVO OF EQUITABLE CAUSES: EXCEPTION TO RULE. While ordinarily an equity case is triable anew in this court, without regard to the errors of the court below, yet where, as in this case, the party seeking such new trial has assigned errors, one of which has been sustained, and where such party has been guilty of disobedience to a rule of the court below, on account of which a trial *de novo* in this court would be inequitable to the adverse party, an exception will be made to the rule, and a trial *de novo* refused.

3. **Practice**: ANSWER FOUND AFTER SUBSTITUTING COPY. Where, upon the supposition that the answer had been lost, a substitute was allowed to be filed, and afterwards the original answer was found, *held* that it was error to overrule plaintiff's motion to strike the substituted answer from the files.

*Appeal from Poweshiek District Court.*

WEDNESDAY, OCTOBER 17.

As to some of the defendants this in substance is an action to foreclose a mortgage. The defense was payment. A decree of foreclosure was entered. Both parties appeal.

*Haines* and *Lyman*, for plaintiff.

*John T. Scott* and *Clark Varnum*, for defendants.

SEEVERS, J.—An order was made setting down the case for hearing on depositions. The burden of the issue being on the defendants, the court at the June term, 1881, ordered that "defendants be given until August 15, to take their testimony in chief, and the plaintiff to take his by November 15, and

the. defendants to take rebutting thereafter." The defendants proceeded to take their evidence in the form of depositions, but the same were not filed until the twenty-fifth day of February, 1882. On the first day of March, 1882, the plaintiff filed a motion to suppress the defendants' depositions, on the ground that they were not "taken or filed until more than six months after the time fixed" by the order above mentioned. This motion was sustained, and a motion of the defendants for a continuance was overruled. Thereupon the cause was submitted to the court.

I.    Conceding the power and authority of the court, in the furtherance of justice and the speedy trial of causes, to make an order of the character above stated, we are of the opinion that the penalty inflicted because of its violation was too severe. The only evidence the defendants had to sustain their defense was contained in the depositions, and, having looked into them, we feel constrained to say that they make out a *prima facie* case of payment. There is some doubt whether counsel for the defendant had actual knowledge of the order made by the court. Possibly, however, they were bound to take notice of it. Any order made by the court should be obeyed, or a showing made that it could not be reasonably complied with. As to one of the witnesses, whose deposition was suppressed, we think a satisfactory showing was made why his deposition could not be taken earlier, and that was because of his sickness. The evidence was in court, and ready to be introduced on the trial, and showed, we will assume, that the mortgage had been paid. It seems to us that to refuse to receive it, when offered, simply because it was not taken in time, as required by an order of court, without a showing of bad faith, is a harsh and unnecessary remedy.

Some penalty undoubtedly should be inflicted. The costs of taking the depositions, at least, should be taxed to the party in fault, and possibly the costs of the term; or all that had accrued, if taxed to such party, would not be more than

1. DEPOSITIONS : filed too late under rule of court: suppression of.

he should bear, in case the opposite party demanded a continuance.

II.   The defendants insist that this case is triable anew in this court.   But while this may be so, they have assigned

**2. PRACTICE in supreme court: trial de novo in equitable cases : exception to rule.** errors, one of which we have sustained.   They, however, insist that, although they failed to comply with the order of the court, and thereby the plaintiff was unable to take depositions contradictory to those suppressed, this court must now consider the suppressed depositions, and, this being done, it is insisted that the defendants are entitled to a decree in this court that the mortgage has been paid.   That ordinarily an equity case is triable anew in this court, without regard to the errors of the court below, is undoubtedly true.   In this case, this would be so manifestly unjust that we are unwilling to adhere to such rule.

The case is exceptional, and, therefore, is excepted from the general rule.   The defendants, except as to a single witness, were negligent.   They failed to comply with an order of the court which, in the absence of a motion to set the same aside, they were bound by.   No such motion was made until after the depositions had been suppressed.   We do not think the defendants can, consistently with universally recognized principles of equity, insist that the cause should now be heard and determined, thus obtaining an unconscionable advantage because of their own negligence and fault.   If they had complied with the order of the court, the plaintiff would have at least had the opportunity to take depositions contradictory to those of the defendants.   Of this he cannot be deprived because of the fault and negligence of the defendants, and the erroneous ruling of the court.

III.   Upon the supposition that the answer had been lost, the court ordered a substituted answer should be filed.   The

**3. PRACTICE : answer found after substituting copy.** original answer was afterwards found.   The plaintiff thereupon moved the court to strike the substituted answer from the files.   This was overruled, and therefrom he appeals.   It should have been sus-

tained; conceding the two answers to be exactly alike, there was no reason for encumbering the record with both papers. The judgment of the district court is reversed on both appeals, but the plaintiff must pay four-fifths, and the defendants one-fifth, of the costs in this court.

REVERSED.