### THOMAS F. BAKER *vs.* SAMUEL TOMPSON.

Suffolk. March 12, 1890 — May 8, 1890.

Present. FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Former Judgment — Audita Querela — Res Judicata.*

In an action to recover for certain labor, the defence was a former judgment upon an *audita querela.* In the *audita querela* the plaintiff alleged the doing of work, and the giving of a note to the defendant, to satisfy an excessive execution, and sought to have the judgment upon which it was issued reduced, and the defendant ordered to pay him the balance due; the defendant denied that the work was done in satisfaction of the judgment, alleging that he paid for it otherwise; and the judgment was " that the plaintiff has no right to maintain " the writ. *Held,* that the judgment upon the *audita querela* did not, as matter of law, import that the plaintiff's labor had been paid for; and that the question was properly submitted to the jury.

HOLMES, J. This is an action of contract. We infer that one of the principal items sought to be recovered was for work and labor, and the question before us can be explained and disposed of by considering that item alone. The defendant put in the record of an *audita querela* between the same parties, and asked the judge to rule that the plaintiff's claim was *res judicata.* The judge refused to do so, and left it to the jury

to determine how far the plaintiff's cause of action was tried in the former case, instructing them that so far as tried the adjudication upon it was conclusive. The jury found a verdict for the plaintiff, and the defendant excepted.

In the *audita querela*, the present plaintiff alleged that he did certain work, and gave a certain note to the defendant in full satisfaction of an execution held by the defendant, and also alleged that the judgment was for an excessive sum, and sought to have the judgment reduced, and the defendant ordered to pay him the balance due. The defendant denied that the work was done in satisfaction of the judgment, and alleged that he paid for it by surrendering to the plaintiff some notes made by the plaintiff. The judgment was, "that the plaintiff has no right to maintain his said action," and that the defendant recover costs. The evidence offered by the plaintiff in the present case is stated to have been "coextensive with his allegations" in the *audita querela.*

No question is raised by the bill of exceptions touching the conclusiveness of the judgment sought to be impeached in the *audita querela.* The only question is concerning the effect of the judgment rendered upon the *audita querela.* The conclusiveness of that judgment, assuming in favor of the defendant that it was upon the merits, is with reference to the matters alleged by the plaintiff to have satisfied the execution. We presume that the defendant relied upon it as establishing that the plaintiff was not entitled to recover for the work alleged to have been done in satisfaction of the execution. As the defendant admitted that the plaintiff did the work, if the judgment did establish what the defendant said it did, it must have been rendered upon the ground that the work was paid for as the defendant alleged.

But the judgment does not necessarily import that the work was paid for in any way. It is true, that, if it was paid for as the defendant alleged, the conclusion which we assume the record to establish would follow, that the work was not done in satisfaction of the execution. But the same conclusion would follow if the work was not paid for at all, but was done under an executory contract upon which the plaintiff had a right of action. The record only shows that the execution had not been

satisfied, and is equally consistent with either alternative. If the defendant wished to show that in fact the judgment proceeded on the ground that he had paid for the work by surrendering notes, his rights were preserved by allowing him to go to the jury upon that question. *Dutton* v. *Woodman*, 9 Cush. 255, 261. *Burlen* v. *Shannon*, 99 Mass. 200, 203, 204.

*Exceptions overruled.*

*P. H. Hutchinson*, for the defendant.
*L. M. Child*, for the plaintiff, was not called upon.