Evergene B. Smith v. Jessie L. Hogle et al., Appellants.

**Modified Contract of Co-Tenant:** SPECIFIC PERFORMANCE: *Ratification.* Where one tenant in common claiming an unauthorized power to sell the whole premises, contracts to convey by ordinary warranty deed, and the co-tenants ratify the contract by executing a deed, which is refused by the purchaser as unsatisfactory, and the first tenant thereupon, and without authority from the co-tenants, agrees to execute a deed satisfactory to one of the two persons named by the purchaser, the co-tenants will not be bound by the contract as modified, and specific performance cannot therefore be enforced.

*Enforcement of original contract.* Specific performance of the original contract cannot be enforced, because it had been superseded by another.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

Thursday, January 23, 1902.

Action for specific performance of an alleged contract to convey real estate situated in Black Hawk county. Decree for plaintiff. Defendants appeal.—*Reversed.*

*Boies & Boies* for appellants.

*E. T. Cowin* and *J. T. Sullivan* for appellee.

McClain, J.—The title to the property to which this controversy relates is in defendants, as tenants in common, holding by descent from one Chaffee, deceased. Defendant Jessie L. Hogle, claiming to have authority to dispose of the property, empowered one Park as agent to negotiate a sale, on terms specified, and in the attempted exercise of this authority he entered into a contract of sale with plaintiff,

under which plaintiff paid a small part of the consideration and went into possession of the premises. When the negotiations were commenced defendants were all in Oakland, Cal., and upon the conclusion of the agreement between Park and plaintiff the former telegraphed to Jessie L. Hogle that the sale was made, and asked her to send abstract. At the same time he wrote her, stating more fully the terms of the sale, and inclosing a deed for signature by all of the defendants. Jessie L. Hogle received the telegram at Oakland, and sent forward the abstract, but before the receipt of the letter she had gone to Salt Lake. Some of the other defendants received Park's letter for her when it reached Oakland; the deed was signed by them and forwarded to Jessie L. Hogle at Salt Lake, and she brought it with her to Waterloo, where plaintiff and Park resided, and submitted it to plaintiff, who objected to it as not sufficient. At the same time Jessie L. Hogle contended that Park had in some respects gone beyond his authority in making the contract with plaintiff, especially in binding defendants for the expense of bringing up the abstract, in not insisting on prepayment into a bank of the entire purchase money as a condition precedent to entering into the contract to convey, and in giving plaintiff possession before the price was fully paid and the sale finally concluded. It was then arranged, however, between Jessie L. Hogle and plaintiff, that the balance of the money should be paid into a bank, to be turned over to defendants on delivery of the abstract showing perfect title, and a deed which should be satisfactory to E. T. Cowin or A. J. Edwards. This money was to remain subject to call of defendants on these conditions for 90 days, and if not by that time paid over to them was to be returned to plaintiff. There is a conflict in the evidence as to whether Jessie L. Hogle at this time agreed that the deed should be made in accordance with plaintiff's requirements, or whether she only undertook to secure the signature of the other defend-

ants to such deed if she could. But the particulars of the transaction in this respect are, it seems to us, immaterial. There is no pretense that Jessie L. Hogle had any authority to bind the other defendants to the terms of the last arrangement with plaintiff, and as plaintiff sues for specific performance it is plain that he can have no relief unless he had a binding contract with the other defendants. Park never had any direct authority from the other defendants to make a contract for them. He assumed to act in reliance on the assurance of Jessie L. Hogle that she had "authority to sell." Now it appears that she made this statement, not because the other defendants had authorized her as their agent to sell their respective shares, but because she believed that as executrix of the estate she possessed this authority. She had, however, been discharged as executrix, and it is conceded that she had no power to bind her codefendants in any way. The contention of plaintiff is that when the other owners were advised by the letter from Park to Jessie L. Hogle of the terms of sale, and executed the deed inclosed in his letter, they ratified the transaction and became bound by the sale. It is plain, however, that they only became bound by the terms of the contract as made known to them. But the final arrangement made between Jessie L. Hogle and plaintiff at Waterloo involved terms not indicated by Park in his telegram and letter to Jessie L. Hogle. It seems that there was some controversy about the form of the deed, and that this was a material controversy, for the reason that there was a question as to whether the amount of land originally in the tract had not been diminished prior to this agreement of sale by the encroachment of an adjoining river, and that Jessie L. Hogle insisted that the sale was of the number of acres originally contained in the tract, without regard to any such diminution. However this may be, and we regard the exact facts as quite immaterial for present purposes, Jessie L. Hogle and the plaintiff entered into an arrangement by which the

deed to the premises must not be simply such ordinary warranty deed as would be required by the original contract, but a deed which should be satisfactory to one of two persons named by the plaintiff. This was a material alteration of the contract, to the disadvantage of the defendants, and certainly the other defendants had never in any way recognized the authority of Jessie L. Hogle to make any such alteration. Plaintiff cannot therefore enforce the original contract made with Park, because it had been superseded by another contract, and cannot enforce the later contract made with Jessie L. Hogle, because the other defendants never authorized her to make it, or ratified it after it was made.

The decree in behalf of plaintiff was therefore erroneous, and must be REVERSED.