JESSIE L. HOGLE, ET AL., Appellants, v. AGNES W. SMITH, Administrator of the Estate of EVERGENE B. SMITH, Appellee.

**Appeal:** TRIAL DE NOVO: JUDGMENT. Either party is entitled to
1 have a final decree in an equity action entered upon a trial *de novo* on appeal; yet if the judgment affects the title to real property it should be entered in the court where the case was originally tried, and in many such cases new pleadings and evidence may be offered in support of the issues.

**Same:** REVERSAL: SUBSEQUENT PROCEEDINGS. After reversal of an
2 equity cause for entry of judgment in the lower court because involving the title to real estate, or upon the issuance of a procedendo with direction to enter decree in accordance with the opinion of the appellate court, the case stands as a suit in equity between the time of submission and entry of decree for such decision as should be entered upon the pleadings and evidence as they stand, unless for cause the trial court permits amendment of the pleadings and further hearing.

**Res judicata.** One who pleads the invalidity of a land contract as
3 a defense to an action for its specific performance, and also in a cross-demand claims rents and profits, which latter issue he permits to remain in the case until a decree is entered dismissing the petition, is bound by such decree, although it

makes no reference to the cross-demand; and he cannot afterward assert the same in another action, even though the court was in error in not rendering judgment for rents in the action for specific performance.

Actions: MULTIPLICITY OF SUITS. A party cannot split his cause of action and try it in different suits.

Res judicata: PETITION FOR REHEARING. The overruling of a petition for rehearing, after a reversal and order remanding the cause for judgment, amounts to an adjudication of those questions properly raised by the petition; but if this were not so a reversal of the cause leaves all questions for determination by the lower court on the pleadings and evidence in accordance with the order of reversal, the same as upon the original submission in that court, and a decree there entered is an adjudication of all issues remaining in the case.

WEAVER, C. J., dissenting.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

THURSDAY, OCTOBER 24, 1907.

ACTION to recover rents for the use and occupation of certain lands. Defendant. pleaded a former adjudication, and, upon her motion, a verdict was directed and judgment rendered against plaintiff for costs. Plaintiff appeals.— *Affirmed.*

*Boies & Boies,* for appellants.

*Edwards & Longley,* for appellee.

DEEMER, J. —The facts are not in dispute, and the only difficulty in the case is the application of the law thereto. For some time prior to April of the year 1899, plaintiffs have been the owners as tenants in common of a tract of land in Blackhawk county. About the date last named Evergene B. Smith, now deceased, claimed to have made a valid contract for the purchase of said land, entered into the possession and use thereof, and thereafter brought an action in

equity for the specific performance of his contract. To that action defendants (plaintiffs herein) appeared and defended, denying the contract sued upon. They also filed a cross-bill, asked that title to the land be quieted in them, and for judg- ment against Smith for the value of the use, rents, and profits of the land while in his possession. Upon trial in the district court the validity and sufficiency of Smith's con- tract was confirmed, a decree was entered for the spe- cific performance thereof, and defendants' cross-bill was dis- missed. An appeal was taken to this court, with the result that the decree of the lower court was reversed. See *Smith v. Hogle,* 116 Iowa, 645. It was the opinion of this court that the Smith contract could not be enforced, for the reason that it was made by but one of the cotenants without author- ity from the others, and for the further reason that there was a material alteration of the contract. Whilst no order for remand was made, a *procedendo* issued in due course, and, when the case again came up in the district court, a decree was entered therein against the plaintiff Smith dis- missing her petition, and for the costs of the suit. In the meantime defendants (plaintiffs herein) filed a petition for a rehearing in this court, calling attention to the fact that no specific reference was made in the original opinion to the cross-bill for rents and profits, and asking that judgment be rendered in this court for the amount thereof, or that the cause be ordered remanded to the district court for such judgment. This petition was overruled generally and with- out any mention of the grounds for such ruling. Nothing more can be claimed for this than a petition for rehearing was overruled, and the cause, after the issuance of the *pro- cedendo,* was for disposition in the trial court in harmony with the opinion of this court. Neither the cross-bill to quiet title nor the claim for rents and profits was dismissed when the case was again called up for disposition in the trial court; but, as we have said, it went to decree, and the judgment

was that plaintiff Smith's petition be dismissed and that he pay the costs.

While either of the parties is entitled upon a trial *de novo* to have a final decree entered by this court, yet, if the judgment is such as to affect the title to real estate, it should properly be entered in the court where the case was tried.  *Hait v. Ensign,* 61 Iowa, 724. And in many such cases additional pleadings or new evidence in support of the issues as made may be introduced.  *Sweet v. Brown,* 61 Iowa, 669; *White v. Farlie,* 67 Iowa, 628; *Adams County v. Railroad,* 44 Iowa, 335; *Adams County v. Railroad,* 55 Iowa, 94; *Sanxey v. Iowa City,* 68 Iowa, 542; *Dunton v. McCook,* 120 Iowa, 444; *Brewer v. Hugg,* 114 Iowa, 486; *Leach v. Germania Co.,* 102 Iowa, 125.  After judgment in the main case against Smith, defendants therein brought this action at law to recover for use and occupation and for rents and profits of the premises, and, Smith having died in the meantime, his administratrix was made a party defendant.  She appeared and answered, pleading the record in the former case as a prior adjudication, and upon a showing of the matters hitherto mentioned the district court sustained her motion for a directed verdict.

1. APPEAL: trial *de novo*: judgment.

In disposing of the appeal, we shall have occasion to consider, first, the effect of the final decree in the trial court; and, second, the effect of the opinion of this court, and more especially of the ruling upon the petition for a rehearing.  After a reversal of an equity case by this court, where no final decree is rendered and the case is or should be remanded because it involves the title to real estate or a *procedendo* issues with directions to enter a proper decree in the trial court in accord with the opinion of this court, the case stands precisely as any suit in equity between the submission and the entry of the decree, for such decision as should be entered upon the pleading and evidence as they stand, unless, for good cause

2. SAME: reversal: subsequent proceedings.

shown, the trial court permits an amendment to the pleadings or the introduction of additional testimony under the rules hitherto announced. *Adams County v. Railroad,* 44 Iowa, 335. Upon appeal the judgment is affirmed, modified and affirmed, or reversed. Upon affirmance, the trial court has nothing further to do with the case, but, if modified and affirmed, or reversed and no final decree is entered in this court, the case goes back to the district court, and, as we have said, ordinarily stands as a case submitted and ready for a decree by the trial court in accord with the opinion of this court except where, as we have stated, additional pleadings or testimony may be introduced. Indeed, no *procedendo* from this court is necessary to authorize the trial court to re-docket the case and proceed with it in a proper manner. *Becker v. Becker,* 50 Iowa, 139; *State v. Knouse,* 33 Iowa, 365. After the time for the filing of a petition for a re-hearing has expired, either party may on notice to the other have the case redocketed and properly disposed of. See cases last above cited. We shall assume, then, in disposing of the first proposition submitted for our decision, that the original case went to trial on the issues already stated, was submitted and went to a decree dismissing plaintiff Smith's petition at his costs; the defendants therein not having withdrawn their cross-bill or claim for rents and profits, but permitting the same to remain in the case, and for some reason not caring to introduce evidence in support thereof, or for reasons best known to them waiving a decree upon their cross-bill.

What effect does such a decree have upon their right to prosecute another action for rents and profits during the time plaintiff in that suit was in possession of the property?

3. RES JUDICATA. Manifestly but one answer can, as we think, be made to this inquiry. Of course, defendants in the original suit — plaintiffs in this — were not required to plead their cross-action either to quiet title or for rents and profits, but having done so, and failing to dismiss

the same before final decree, the judgment is conclusive upon them, as much so as if they had introduced evidence in support thereof and for some reason had failed to recover. *Hayden v. Anderson,* 17 Iowa, 158; *Schmidt v. Zahensdorf,* 30 Iowa, 498; *Gunsaulis v. Cadwallader,* 48 Iowa, 48; *Street v. Beckman,* 43 Iowa, 496; *Painter v. Hogue,* 48 Iowa, 426; *Goodhue v. Daniels,* 54 Iowa, 19; *Newby v. Caldwell,* 54 Iowa, 102; *Carl v. Knott,* 16 Iowa, 379; *Whitaker v. Johnson Co.,* 12 Iowa, 595; *Hahn v. Miller,* 68 Iowa, 745; *Madison v. Coal Co.,* 114 Iowa, 56; *Zalesky v. Home Ins. Co.,* 114 Iowa, 516; *Kenyon v. Wilson,* 78 Iowa, 408; *Case v. Hicks,* 76 Iowa, 36; *Des Moines v. Bullard,* 89 Iowa, 749; *Donahue v. McCosh,* 81 Iowa, 296; *Hodge v. Shaw,* 85 Iowa, 137; *Keokuk Co. v. Keokuk,* 80 Iowa, 137. The cross-bill interposed in the original case came within paragraph 2 of section 3570 of the Code, which provides for a counterclaim of a cause of action arising out of the contracts or transactions set forth in the petition or connected with the subject of the action. In other words, the counterclaim in this case is what is known as a " set-off." It seems to be well settled that, if a defendant having a demand against a plaintiff pleads it as a set-off or counterclaim in the action, he must, to use an expression from the books, " make the most of his opportunity, and exhibit his whole damage, for the judgment in the action will prevent him from afterwards using the same matter or any part of it as a separate cause of action against the former plaintiff." *Munn v. Shannon,* 86 Iowa, 363; *Gunsaulis v. Cadwallader, supra.* See, also, cases cited in 23 Cyc. 1201, showing that this rule is common to nearly all jurisdictions.

In some States it is provided that, if the demand or cross-claim arises out of the transactions set forth in the complaint as the foundation of plaintiff's action or is connected with the subject of the action, defendant must present it as a set-off or forfeit his right to claim relief upon it. *Brosnan v. Kramer,* 135 Cal. 36 (66 Pac. 979); *Douglas v. Hastings,*

17 Minn. 35 (Gil. 18). But that does not seem to be the rule here unless the matter be pleaded. Had there been no appeal of the original case, that action would have stood upon plaintiff's petition for specific performance, defendant's denial of the validity of the contract, a counterclaim to quiet title, and a set-off or counterclaim for rents and profits during the time the plaintiff in that action was in possession. The case was tried without any withdrawal of the counterclaims or set-offs, resulting in a decree dismissing plaintiff's petition at his costs. The decree met the issues presented, and involved and without a dismissal of the counterclaim or set-off the decree disposed of these as effectually as it did of the petition. This is squarely held in the *Gunsaulis* case, *supra,* the syllabus of which reads as follows: " Where a counterclaim is embraced in the issue at the time of final submission and judgment, the plaintiff is entitled to immunity from any further action thereon." This rule is also squarely announced in the *Munn* case, *supra. Schmidt v. Zahensdorf,* 30 Iowa, 498, is also very closely in point; and we quote the following therefrom: " The plaintiff in his petition averred the facts constituting his right to, and made a claim against defendants for use and occupation of the land in controversy to the extent of $300. This claim was denied by the defendants. With the issues thus made the case was submitted to the court. The judgment entry recites that, ' there being no evidence offered by either party as to the value of the rents and profits, the same is not considered, and no judgment hereby rendered touching the same.' The action for the rents and profits was not dismissed, nor the claim therefor withdrawn. The defendants having been thus once compelled to litigate the question and prepare for this defense, they have a right to judicial immunity from being again required to answer the same claim. The judgment will be so modified as to make the same final against plaintiff's claim for rents and profits."

These cases must be squarely overruled, or else it must

be held that the decree in the original case by the trial court
is a bar to plaintiff's action in this case.   One way of stat-
ing the rule which is well fortified by authority is that " an
adjudication is final and conclusive not only as to the matter
actually determined, but as to every òther matter which the
parties might have litigated and have had decided as incident
to or essentially connected with the subject-matter of litiga-
tion."   See Freeman on Judgments, section 249; *Dewey v.
Peck,* 33 Iowa, 242; *Stodghill v. Railroad,* 53 Iowa, 341;
Wellson, Res Adjudicata, section 217.   The counterclaim in
the instant case was embraced in the issue at the time of the
submission and judgment in the main or original case, and, to
quote from the *Gunsaulis* case, " defendant is entitled to
immunity from any further action thereon."   See, as further
sustaining these views, *Prouty v. Mattheson,* 107 Iowa, 259;
*Watson v. Richardson,* 110 Iowa, 698; *Murphy v. Cuddihy,*
111 Iowa, 645; *Madison v. Coal Co.,* 114 Iowa, 56; *Zalesky
v. Home Ins. Co.,* 114 Iowa, 516; *Hodge v. Shaw,* 85 Iowa,
137; *Keokuk Co. v. Keokuk, supra.*

No testimony was introduced upon the trial of the pres-
ent case showing just what was decided by the trial court in
the decree in the original case.   That is to say, there is no
showing that the counterclaim or set-off was not considered
passed upon.   It may be that the trial court was in error in
not rendering judgment-for the defendants in the original
case, plaintiffs in this — and this seems to be the fact — but
whether in error or not plaintiffs are concluded by the judg-
ment or decree in that case.   It is not the correctness of the
original decree, but the fact that the parties are the same,
that the same matter was involved and might or should have
been decided which makes the original decree conclusive.
The decree in the original case was a finding that plaintiff
therein, defendant here, had no valid contract for the land.
The counterclaim pleaded this fact, and asked for judgment
for use and occupation.   Plaintiff's right to recover herein
is based upon the same identical issue and the same facts

which would establish plaintiff's right to recover here would have defeated the action by plaintiff in the main case. That issue was unquestionably determined in the main or original suit.

Plaintiffs herein and defendants in that suit now ask a judgment to the same effect, and also ask damages for rents and profits or for use and occupation. Under another well-known rule, this they are not entitled to do.

4. ACTIONS: multiplicity of suits.

A party cannot split up his cause of action or defense, and try it in piecemeal. *Zalesky v. Insurance Co.*, 114 Iowa, 516, and cases cited. This is not a case where several and distinct issues are presented, of which some were considered and some not. The issues were all related, and all depended upon whether or not Smith had a valid contract for the purchase of the land. If he did, he was entitled in the main action to a decree of specific performance. If he did not, defendant was entitled to a decree dismissing the petition, quieting title, and for judgment for use and occupation of the premises. In their pleadings in the case now before us, they set forth most of the same facts relied upon by them in defense to the main suit, and they must show the invalidity of Smith's contract in order to recover. That they had already secured in the main case, but they neglected to take judgment quieting title or for damages. This is nothing more, in our opinion, than a splitting of causes of action. Our own cases are so clear and plain upon these propositions that we need not go elsewhere for authorities. Certainly the citations already made are numerous enough and surely they are conclusive upon the proposition here involved. Whatever other courts may have decided upon this or kindred questions is of very little concern, where our own cases speak so clearly upon the subject.

II. We come, now, to the effect of the ruling on the petition for a rehearing. Little is claimed for this, save as it bears upon the other proposition already discussed. The ruling made thereon has perhaps a triple aspect. It may

have been overruled because there was no evidence as to

value of use and occupation or of rents and

**5. RES JUDICATA:** profits, or because the matter was for the deter-
**petition for**
**rehearing.** mination of the district court upon testimony

to be there introduced, or because the case involved title to
lands, and final decree should be entered in the district court.
Nothing in the record shows the reasons for overruling the
petition.    If the petition for rehearing should be treated as
an adjudication regarding the rights of defendants in the
main suit, plaintiffs in this, to recover rents and profits
whether in this court or in the district court, then this con-
troversy is at an end.    Plaintiffs herein evidently thought
they had a right to have this matter considered by us on
rehearing for this was the sole ground of their petition;
they having been successful as to the other issues in the case.
The correctness of the decision in no manner affects the ques-
tion of former adjudication.    If, on the other hand, this
court concluded that the petition should be . overruled be-
cause of lack of testimony, or because this .court was not the
proper place for the final decree, then we have a somewhat
different proposition to deal with.

The petition proceeded upon the theory that there was
testimony as to the value of the rents and profits or of use
and occupation, and doubtless this is true, else no such re-
quest would have been made of us, and the petition was prob-
ably overruled, because, as the case involved the title to real
estate, the final decree should be rendered in the district
court.    If there was no testimony as to the value of rents
and profits or of use and occupation, then the petition was
properly overruled, and upon a proper showing to the district
court such testimony might and should have been admitted;
but if, as is more likely the case, and as the petition for re-
hearing itself shows, there was testimony introduced on the
original hearing to justify a recovery on the counterclaim,
then the petition was overruled, for the reason that the final
decree should be entered in the district court.    That being

the case, after the reversal and the overruling of the petition for rehearing, the case stood as submitted upon the evidence then taken without the withdrawal of any of the counterclaims for a proper decree under the issues and the testimony. The decree was as we have stated, and there is nothing to show that defendants therein, plaintiffs herein, offered any additional testimony or objected in any manner to the decree as rendered. Even had they done this, their proper remedy would have been by appeal, and not through the commencement of an independent proceeding. We cannot too strongly present the notion that the correctness of the judgment or decree is not the test whereby to determine whether or not it amounts to a former adjudication.

Summing up on this proposition: If the petition for rehearing properly raised the issue as to defendants right in the main action to recover for use and occupation or for rents and profits, that is the end of the case, for the petition was overruled. If it did not, then the reversal of the case here simply left it in the district court as one already submitted upon issues joined, none of which were withdrawn, and for a decree upon the pleadings and testimony as the case then stood, subject to the holding of this court upon appeal. Testimony had already been taken as to the value of rents and profits or of use and occupation, or none such had been introduced, and it matters little which is true, for in either event the issues were related in such a manner and so stood when the case was finally disposed of that the decree dismissing the petition was binding upon all parties as to all matters in issue. The decree was not by agreement, nor did Smith dismiss his case. It was decided by the trial court after the *procedendo* was returned and upon all the issues and testimony in the case. We feel sure that there was testimony in the record which would have warranted a judgment and decree for defendants in the main case, plaintiffs in this, for damages for rents and profits, else these defendants would not have presented the petition for rehearing that they did

asking for such a judgment in this court.   But, however this may be, we are not justified in assuming that there was no such testimony, especially where there is nothing of record showing that fact.   We must take the pleadings as they stood when the final decree in the main case was entered, and construe them with reference to that decree.   This done there was manifestly a complete adjudication of the matters in controversy here.   This presumption, if such it may be called, although it might well be denominated by a stronger word, is very emphatically aided by the petition for rehearing which was filed by defendants in the main case, wherein they asked this court to render judgment for them for the value of the rents and profits of the land while plaintiff therein held possession.   Without such testimony, they would not have had the temerity to present such a paper for our consideration.   Doubtless the trouble in this case is due to counsel's misunderstanding of the effect of the overruling of their petition for rehearing.   They evidently thought for some reason that they could let the original case go to a decree, and then commence an independent action for rents and profits; for the reason that this court would not allow them upon the appeal.

There are many reasons why such a decree should not be rendered in this court.   In the first place, as already indicated, the action involved the title to lands, and the final decree should be entered where the land is situated.   Again, the case was decided in favor of Smith, the purchaser, in the lower court, and plaintiffs here were decreed to make specific performance.   Testimony as to rents and profits and use and occupation would be confined to the time of trial in the district court, and there would be no showing as to values after that trial and down to the time of the reversal here. Moreover, no such showing could be made without a supplemental petition, and that could not be filed in this court. Upon demand to the district court, the title would be adjudicated and the party entitled to rents and profits accruing in

the interim pending the appeal might file a supplemental petition, and have the whole matter adjudicated in one action. It is unfortunate if our ruling on the petition for rehearing misled either the parties or their attorneys; a mistake which we regret, but are powerless to correct, if we confine ourselves to the well-established rules heretofore announced by this court.

Before closing, it is well to note again the vital distinction between this case and some from other States and doubtless some of our own where distinct and unrelated issues are presented and the record does not show upon which the decision turned. In such cases parol evidence is sometimes admissible to show that a particular one was not passed upon or decided. See *Am. Em. Co. v. Fuller,* 83 Iowa, 606; *Griffith v. Fields,* 105 Iowa, 362, and other like cases. But that is not the situation here. Here the issues were all related. If plaintiff Smith had a good land contract, he was entitled to specific performance thereof, and defendants in the main suit were not entitled to have their title quieted or a money judgment for damages. Judgments by estoppel must be mutual, so that, had the decree been for Smith, that would have ended defendants' counterclaims. If that be true, then the decision being the other way is likewise conclusive. If Smith did not have a valid contract, then under the issues defendants Hogle et al. were entitled to have his, Smith's petition dismissed, their title quieted, and a money judgment for damages. They secured a part of this relief in the main action, and, instead of appealing therefrom, or asking more in that proceeding, they accepted the results thereof, and then commenced action for the same relief which they had asked and were entitled to, but did not receive in the former case. This is clearly a splitting of causes of action, and to our minds a case where neither Smith nor his administratrix should be made to defend again against a claim already once presented, and never withdrawn. If a defendant presents a counterclaim embracing items, all more

or less related, and fails to prove up as to some or to intro-
duce testimony as to others, no one would contend that he
might thereafter bring an independent action for those items
which he neglected to prove. There is always some difficulty
with this question of former adjudication, due at times to
refinement of reasoning, and to a desire to assist parties who
are concluded by a judgment which it seems hard for them to
bear. But it must constantly be borne in mind that there
is always danger that "hard cases may make bad law," and
it is well to keep principles well in mind in such cases no
matter what the result in the particular instance.

The order of the trial court directing a verdict for defend-
ant and the judgment entered thereon are correct, and they
are *affirmed*.

WEAVER, C. J. (dissenting.) — The plea of *res judicata,*
or prior adjudication, is among the most familiar known to
our procedure, and most of the general rules of the law gov-
erning it are well settled; but so great is the multitude and
variety of the cases that the boundary lines between those
falling within any given rule and those falling within some
recognized exception are not always easy to trace. Stated,
generally, the fundamental proposition of *res judicata,* is
that a judgment of a court of competent jurisdiction on the
merits of any litigated question is a bar to any future suit
between the same parties or their privies upon the same cause
of action in the same, or any other court so long as that judg-
ment remains unreversed, and not in any way vacated or
annulled. 23 Cyc. 1106. As simple as this rule may seem
in statement, its analysis and application to a given state of
facts are not always obvious. Whether a given record shows
a judgment on the "merits" of a particular controversy is
an inquiry upon which courts and counsel of equal ability,
learning, and experience may and often do differ. So, also,
the question when and how far extrinsic evidence is admissi-
ble to determine what was in fact adjudicated in the former

suit, and when and how far the record of the former judgment is conclusive in all subsequent controversies between the same parties, is a matter upon which it is difficult to harmonize the precedents.

Turning to the case at bar, let us ascertain, if we may, just what the record seems to disclose as being within the contemplation of the court in entering the final judgment against plaintiff for costs. It will be remembered that said action was begun in equity for the specific enforcement of a contract for the sale of land. The defendants (who are plaintiffs herein) denied the alleged contract, and in a cross-bill asked to have the title quieted in themselves and for judgment against said plaintiff (defendants' intestate) for the use, rents, and profits of the land. Upon this cross-petition, the plaintiff took issue by denial. Thus it will be seen the pleadings presented two distinct issues; each party affirming one and denying the other. The original decree of the district court upholding the alleged contract and ordering its enforcement involved of necessity the dismissal of the cross-petition. The reversal of that decree upon a finding of this court that Smith had no enforceable contract for a conveyance had the effect to restore the parties to the positions they occupied prior to the entry of said decree. Smith's petition now stood for dismissal upon the strength of the decision of this court holding his contract to be unenforceable, while the issue upon the cross-petition stood for trial. Under these circumstances, the district court entered a judgment against Smith for costs. So far as the record shows, this entry does not expressly dismiss the cross-bill, does not mention it, in fact, and no costs are ordered taxed with reference to it. In my judgment the judgment as entered against plaintiff for costs should be construed as being referable solely to the issue in which he was plaintiff, and on which we had held him not entitled to the relief demanded. If we are to hold that there was an adjudication of the issue taken upon the cross-bill, it must be a matter of inference

only, and we think no such inference, certainly no conclusive inference of that nature, is to be drawn from the conceded facts.

The effectiveness of the doctrine of *res judicata* extends to all matters necessarily involved in the judgment; that is, to every fact which the court was required to find before entering the judgment which is pleaded as a prior adjudication or on which it must necessarily have been founded, but it extends no farther. *Porter v. Wagner,* 36 Ohio St. 475; *Hamner v. Griffith,* 1 Grant, Cas. (Pa.) 193; *Hutchinson v. Dearing,* 20 Ala. 798; *Bank v. Ludlum,* 56 Minn. 317 (57 N. W. 927); *Coutant v. Feaks,* 2 Edw. Ch. (N. Y.) 330; *Church v. Chapin,* 35 Vt. 223; *West v. Platt,* 127 Mass. 372. The conclusiveness of a judgment as an estoppel upon the parties goes only to those matters without proof or admission of which the judgment could not properly have been entered. *Burlen v. Shannon,* 99 Mass. 200 (96 Am. Dec. 733); *Lea v. Lea,* 99 Mass. 493 (96 Am. Dec. 772); *Zanesville v. Gaslight Co.,* 1 O. C. D. 123.

Nor does the estoppel extend to matters not expressly adjudicated, and which can only be inferred by argument or construction from the judgment, except where they are necessary and inevitable inferences in the sense that the judgment could not have been rendered without deciding such points. 23 Cyc. 1297, and note 87. These rules are well established, and their justice and propriety are too self-evident to call for argument in their support. If, then, the record in the former case showed in express terms a dismissal of the cross-bill on its merits, or contained any statement that the trial court considered or passed upon the claim thereby asserted, or if the terms of the judgment against Smith for costs were such that it could not properly have been entered without passing upon the merits of the cross-bill, it would be difficult, if not impossible, to avoid the plea of prior adjudication, and the appellant would be completely estopped. But none of these conditions exist. There is no

order or judgment dismissing the cross-bill on its merits or otherwise, and there is no statement or suggestion that the court passed upon or attempted in any manner to adjudicate the claim presented by that pleading. Moreover, the final disposition of that claim was not essential in order to justify or uphold the judgment entered. To make this clear, let us again recall the fact that the issue affirmed by the appellee's intestate had been tried out in the court of last resort, and his claim irrevocably adjudged to be without merit. To effectuate that decision that issue had been sent back to the district court to be dismissed. Legally, that issue was as distinct and separable from the appellant's claim on their cross-bill as if they had been begun and carried through to this point in the proceedings as wholly independent actions. It was right to enter up judgment against Smith for costs, but the utmost effect of such entry was the dismissal of his case and the final termination of the suit he had instituted and pressed. In the absence of some order to that effect, it did not directly, nor could it inferentially, accomplish a dismissal of the cross-action on its merits. The conceded facts of the situation make it perfectly clear that no such result was intended.

The necessary result of the decision that Smith had no enforceable contract for the purchase of the land was to affirm the right of the other parties to recover damages upon their cross-bill for the use of the property while wrongfully held by Smith; and it is incredible that in entering judgment against him for costs, a judgment which followed as a matter of course upon the determination of the appeal adversely to his claims, there was any purpose or intention to foreclose or estop these plaintiffs from asserting that right.

There is another well-settled rule of law applicable to this class of cases, which may be stated as follows: Where it appears from the record of the proceedings in the former case that several distinct issues have been joined or litigated, on one or more of which the judgment in question may have passed without indicating which of them was thus

litigated or upon which the judgment was entered, the parties are not conclusively estopped thereby and the uncertainty may be removed by extrinsic evidence. *Russell v. Place,* 94 U. S. 606 (24 L. Ed. 214); *Sawyer v. Nelson,* 160 Ill. 631 (43 N. E. 728); *Mossman v. Sanford,* 52 Conn. 23; *Am. Emigrant Co. v. Fuller,* 83 Iowa, 606; *Goodenow v. Litchfield,* 59 Iowa, 231; *Davis v. Clinton,* 58 Iowa, 389; *Lewis v. Ocean & C. Co.,* 125 N. Y. 348 (26 N. E. 301); *Carleton v. Lombard,* 149 N. Y. 152 (43 N. E. 422); *McMakin v. Towler,* 34 S. C. 281 (13 S. E. 536); *Humpfuer v. Osborn,* 2 S. D. 322 (50 N. W. 88); *Dygert v. Dygert,* 4 Ind. App. 276 (29 N. E. 491); *Zoeller v. Riley,* 100 N. Y. 107 (2 N. E. 388, 53 Am. Rep. 157); *Colwell v. Bleakley,* 1 Abb. Dec. (N. Y.) 400; *Garrott v. Johnson,* 11 Gill & J. (Md.) 173 (35 Am. Dec. 272); *Grim v. Griffith,* 34 Ind. App. 559 (73 N. E. 197); *Linton v. Crosby,* 61 Iowa, 293; *Baker v. Thompson,* 151 Mass. 390 (24 N. E. 399); *Miles v. Caldwell,* 69 U. S. 35 (17 L. Ed. 755); *Packet Co. v. Sickles,* 72 U. S. 592 (18 L. Ed. 550); *Washington, etc., Co. v. Sickles,* 65 U. S. 333 (16 L. Ed. 650); *Perkins v. Walker,* 19 Vt. 144; *Griffith v. Fields,* 105 Iowa, 366; *Lindley v. Snell,* 80 Iowa, 109; *Paine v. Ins. Co.,* 12 R. I. 440; *Cook v. Burnley,* 45 Tex. 97; Freeman on Judgments, sections 272, 273; *Chrisman v. Harmon,* 29 Gratt. 494 (26 Am. Rep. 387); *Cromwell v. Sac. Co.,* 94 U. S. 351 (24 L. Ed. 195); *Munro v. Meech,* 94 Mich. 596 (54 N. W. 290); *Follansbee v. Walker,* 74 Pa. 306; *Coleman's Appeal,* 62 Pa. 252; *Embden v. Lisherman,* 89 Me. 578 (36 Atl. 1101, 56 Am. St. Rep. 442); *Perkins v. Parker,* 10 Allen (Mass.) 22; *Haas v. Taylor,* 80 Ala. 459 (2 South. 633); *Sanderson v. Peabody,* 58 N. H. 118; *Gilbreath v. Jones,* 66 Ala. 129; *Davidson v. Shipman,* 6 Ala. 27; *Hooker v. Hubbard,* 102 Mass. 239; *Porter v. Wagner,* 36 Ohio St. 471; *Van Valkenborg v. Milwaukee,* 43 Wis. 574; *Brown v. Weldon,* 34 Mo. App. 381; *Smith v. Talbott,* 11 Ark. 667; *Barber v. Kendall,* 37 N. Y. Supp. 141 (1

App. Div. 247); *Auqir v. Ryan,* 63 Minn. 373 (65 N. W. 640); *De Sollar v. Hanscorne,* 158 U. S. 216 (15 Sup. Ct. 816, 39 L. Ed. 956); *Bergerson v. Richardott,* 55 Wis. 129 (12 N. W. 384). Indeed, it will be difficult to cite a court of last resort in the United States which has not affirmed the proposition that, where the record fails to show upon which of several issues the prior judgment was entered, extrinsic evidence may be admitted to establish the fact.

Perhaps the most frequently cited precedent upon the point is *Russell v. Place, supra,* decided by the Supreme Court of the United States, although the rule had been frequently applied in earlier cases. It is there stated that, to effect a conclusive estoppel by prior adjudication, " it must appear either upon the face of the record or shown by extrinsic evidence that the precise question was raised and determined in the former suit. If there be any uncertainty on this head, as, for example, if it appear that several distinct matters may have been litigated upon one or more of which the judgment may have passed without indicating which of them was thus litigated, and upon which the judgment was rendered, the whole subject-matter of the action will be at large and open to a new contention unless the uncertainty be removed by extrinsic evidence showing the precise point involved and determined to apply the judgment and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." This language was quoted by us with approval in *Griffith v. Field,* 105 Iowa, 362, and held applicable to a plea of former adjudication where we say: " We think there is no doubt that the same facts were at issue in the two cases, but, instead of it appearing in the other case that the issue as to the breach of contract was determined, it seems quite clear that it was not. The burden is with the defendant in this case to make it appear that the issue was determined. . . . Without question, there were two issues presented in that case. The most that can

be said in the appellant's favor is that it does not appear
on which issue the result was reached." Under somewhat
analogous circumstances, we applied the same rule in *Lind-
ley v. Snell,* 80 Iowa, 103, saying: "The silence of the
decree leaves it uncertain that this issue was determined
even if it was certain that it was raised by the pleadings."
The doctrine of these cases so lately and repeatedly affirmed
by this court is wholly ignored and discredited by the ma-
jority opinion now handed down.

In *Porter v. Wagner,* 36 Ohio St. 471, Wagner had
brought a prior action for specific performance, which Por-
ter contested, and joined with his answer a cross-petition to
rescind the contract and to recover advance payments made
by him. The court finding Wagner not entitled to specific
performance, the suit was dismissed, and thereafter Porter
brought action at law to recover on the same demand which
he had pleaded as a counterclaim in former action, and to
this claim Wagner pleaded the decree above referred to as
a prior adjudication. The defense was not allowed, the
court saying, in substance, that, in view of the fact that two
or more issues were involved in the prior litigation, the
question to be decided was not what the court might have
decided but what it did in fact decide. It is said by the
Alabama court that, to come within the rule of *res judicata,*
"the issue must be broad enough to embrace the subject, it
must, in fact, have been considered or be so blended with
the subject considered as to have become a qualifying part
of it, and it must have been decided upon its merits." *Haas
v. Taylor,* 80 Ala. 459 (2 South. 633). Where several is-
sues appear to have been joined in the former action, and
doubt arises as to whether one of them was or was not
determined by the judgment, the testimony of the judge who
tried the case has been held admissible upon the question.
*Perkins v. Brazos,* 66 Conn. 242 (33 Atl. 908); *Wood v.
Faut,* 55 Mich. 185 (20 N. W. 897); *Follansbee v. Walker,*
74 Pa. 306. See, also, *Insurance Co. v. Mardoff,* 152 Pa.

22 (25 Atl. 234); *Palmer v. Sanger,* 143 Ill. 34 (32 N. E. 390); *Wood v. Jackson,* 8 Wend. (N. Y.) 36 (22 Am. Dec. 603); *Dunlap v. Glidden,* 34 Me. 517. Such evidence is universally considered as not being in contradiction of the record, but in aid of it. The burden of establishing the claim of prior adjudication is upon the party pleading it, and, if it does not clearly appear from the record presented, it must be sustained by extrinsic evidence, and becomes a question for the jury. *Griffith v. Field,* 105 Iowa, 366; note to *Fahey v. Esterly,* 3 N. D. 220 (44 Am. St. Rep. 563). The evidence in support of the plea must be such as to remove all uncertainty. These conclusions do not detract from the authority of the general rule cited by the appellee, that a party cannot relitigate matters which he might have had determined in a prior action in which final judgment has been rendered. As with all general propositions, care must be observed in its application, otherwise that which is intended as a beacon light for our guidance becomes a source of radical error. In a certain sense, it is true that a party may not relitigate in a second action that which he might have settled in a former action; but, if construed in the broadest sense of the terms thus stated, it is both incorrect and misleading. A plaintiff cannot split up his cause of action, and try it in piecemeal, and a defendant who has or claims to have one or more defenses to an action brought against him must present them all. An issue once joined and determined on its merits by a court of competent jurisdiction is settled forever or until the judgment be reversed or vacated in some direct proceedings for that purpose; nor will the fact that such judgment is wrong or even grossly erroneous prevent the operation of the rule. But, on the other hand, the fact that a plaintiff has two or more causes of action which could have been united in a single suit and fails to do so, or the fact that a defendant has affirmative demands against the plaintiff which he could plead as a counterclaim or basis of a cross-action, but fails to do so,

does not necessarily afford any ground for a plea of prior adjudication to a subsequent suit brought thereon. When the parties do unite in the same action various independent claims, counterclaims, and cross-demands, a judgment which adjudicates their rights upon one issue does not necessarily determine the other issues, except so far, as it sometimes happens, as such other issues are so interwoven with and dependent upon the one decided that they must as a matter of course stand or fall with it. In my judgment the majority opinion ignores these well-established rules and accomplishes manifest injustice.

The trial court erred in directing a verdict for the defendant, and a new trial should be ordered.